10

CINCINNATI BAR ASSN. *v.* LEROUX.
CINCINNATI BAR ASSN. *v.* WEBER.
DAYTON BAR ASSN. *v.* BOSTICK.

(D. D. Nos. 90, 91 and 92—Decided November 20, 1968.)

*Mr. Peter Outcalt* and *Mr. James L. Elder,* **for re**lator in case D. D. No. 90.

*Mr. Thomas A. Luken,* for respondent in case D. D. No. 90.

*Mr. Lawrence A. Kane, Jr.,* and *Mr. Arnold Morelli,* for relator in case D. D. No. 91.

*Mr. Thomas A. Luken,* for respondent in case D. D. No. 91.

*Mr. Robert J. Eilerman* and *Mr. Harry P. Jeffrey,* for relator in case D. D. No. 92.

*Mr. Lloyd H. O'Hara* and *Mr. James T. Lynn, Jr.,* **for** respondent in case D. D. No. 92.


*Per Curiam.* In each of these three cases the Board of Commissioners on Grievances and Discipline considered whether the failure to file income tax returns were crimes involving moral turpitude, and in each case the board decided that they were not.

The failure to file income tax returns is a misdemeanor, Section 7203, Title 26, U. S. Code. While such classification does not control the determination of whether moral turpitude is involved, it does indicate that Congress did not consider the offense serious enough to be made a felony.

More important is the evidence that there was no attempt on the part of respondents to evade income taxes. Respondents Leroux and Weber, for example, filed accurate partnership returns during at least one of the years for which they failed to file personal returns, which would be inconsistent with a plan to defraud the government. All of the respondents co-operated fully with the Internal Revenue agents. There was no indication that the records maintained were either inadequate or deceptive. There was considerable evidence that the reputation and competence of respondents ranged from good to very good.

Whether a charge based upon a willfull omission to file income tax returns (for which the explanations offered were so various as to include physical or emotional ill-

ness, family problems and economic problems) involves moral turpitude, must necessarily turn on the particular circumstances of each case. See *Dayton Bar Assn.* v. *Prear,* 175 Ohio St. 543. Certainly the inclusion of evidence negating an intention to defraud is such a circumstance.

The lack of evidence from which such an intent might be inferred must be considered to distinguish such cases from those in which such evidence is affirmatively shown. Openness and remorse alone will not excuse an offense which is clearly reprehensible, but may be considered, with other mitigating circumstances, in evaluating a difficult borderline case. We agree with the board's conclusions that the respondents' offenses under the circumstances of the cases here in question did not involve moral turpitude. Compare annotation, 59 A. L. R. 2d 1398, 1404.

The board was also correct in finding that respondents violated Canons 29 and 32 of the Canons of Professional Ethics. See *Dayton Bar Assn.* v. *Prear, supra; Cleveland Bar Assn.* v. *Bilinski,* 177 Ohio St. 43; and *Ohio State Bar Assn.* v. *Hart,* 15 Ohio St. 2d 97.

Under all the circumstances in the instant cases, and considering the mitigating factors, the court chooses to follow the recommendation of the Board of Commissioners on Grievances and Discipline and to impose in each case as discipline a public reprimand.

*Reports confirmed and judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, DOYLE, SCHNEIDER and BROWN, JJ., concur.

DOYLE, J., of the Ninth Appellate District, sitting for HERBERT, J.