162

PORTAGE COUNTY BAR ASSOCIATION *v.* MILLER.

(D. D. No. 82-5—Decided June 16, 1982.)

*Mr. Stephen Colecchi* and *Mr. David A. Sed,* for relator.
*Ms. Elizabeth A. Reilly,* for respondent.

*Per Curiam.* Section 8 of Gov. R. V, which is entitled *Automatic Indefinite Suspension from the Practice of Law for Conviction of an Offense Involving Moral Turpitude,* provides, in relevant part, that:

"(a) Any attorney admitted to the practice of law in the State of Ohio who is convicted in this State of an offense, other than a petty offense as defined by the Ohio Rules of Criminal Procedure * * * shall be *indefinitely suspended* from the practice of law in this State upon a finding that the offense is one involving moral turpitude. [Emphasis added.]

"(i) A certified copy of the judgment entry of conviction of an attorney of an offense defined in this rule shall be transmitted forthwith by the judge entering such judgment to the Secretary of the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio. * * *

"(ii) Upon receipt from any source of a certified copy of the judgment entry of conviction by the Secretary of the Board of Commissioners on Grievances and Discipline, the Secretary shall, within ninety days, cause such entry to be submitted to a quorum of the Board of Commissioners on Grievances and Discipline. The members of the Board present at such meeting shall determine whether the conviction of such offense as set forth in such entry involves moral turpitude, and such finding shall be submitted by the Secretary or Chairman of the Board to the Ohio Supreme Court; whether the conviction resulted from a plea of guilty or a plea of nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal.

"(iii) The Court may adopt, modify or reject the Board's finding and may enter such order as it deems appropriate, including an order immediately and *indefinitely suspending* the attorney from the practice of law. [Emphasis added.]

"(b) A certified copy of a judgment entry of conviction of an offense shall be conclusive evidence of the commission of that offense in any disciplinary proceedings instituted against an attorney based upon the conviction.

"(c) Any disciplinary proceeding instituted against an attorney based upon a conviction of an offense shall not be brought to hearing until all appeals from the conviction are concluded. * * *"

Respondent, while acknowledging this rule, nonetheless contests its application to his case on the grounds that, contrary to the findings of guilt, he was innocent of any wrongdoing. This argument must be rejected, for this court stated in *Bar Assn.* v. *Chvosta* (1980), 62 Ohio St. 2d 429, 430, that Gov. R. V(8)(b) "* * * makes it clear that a disciplinary proceeding is not an appropriate forum in which to collaterally attack a criminal conviction."

After an examination of the evidence in this matter, this court concurs with the findings of fact and recommendations of the board of commissioners that respondent be indefinitely suspended from the practice of law. As evidenced by the certified copy of the judgment of conviction, respondent was found guilty of grand theft and gambling. Clearly, grand theft is a non-petty offense involving moral turpitude, and upon a showing that an attorney has been found guilty of such an offense, Gov. R. V(8) explicitly provides for indefinite suspension.

Hence, it is hereby ordered that respondent be indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, JJ., dissents.

KRUPANSKY, J., dissenting. In my opinion, the appropriate disciplinary action which should be taken against respondent is permanent disbarment.

An attorney convicted of a crime involving moral turpitude may be subject to either an indefinite suspension or disbarment. For example, in *Cleveland Bar Assn.* v. *Fatica*

(1971), 28 Ohio St. 2d 40, this court held that conviction of soliciting and accepting a bribe to influence public duty warrants permanent disbarment.

In this matter, the Portage County Bar Association requested that the Board of Commissioners on Grievances and Discipline recommend respondent be permanently disbarred. Although the board recommended an indefinite suspension, this court is not bound by the board's recommendation, but may decide a harsher discipline is warranted. *Cleveland Bar Assn.* v. *Fleck* (1961), 172 Ohio St. 467.

In my view, an attorney convicted of a felony such as grand theft should be forever barred from serving as an officer of the court in the administration of justice in this state. As this court stated in *Mahoning County Bar Assn.* v. *Franko* (1958), 168 Ohio St. 17, 22:

"* * * [A] person who attains the honor and dignity of being a member of the legal profession necessarily renders himself subject to the duties and responsibilities thereof, *i.e.,* one who is admitted to the practice of law in Ohio * * * must, in order to continue the practice of law in this state, meet and maintain the standard of ethical conduct which is also prescribed by the rules of this court. The Supreme Court of Ohio * * * demands that persons admitted to the practice of law in this state must maintain a high degree of integrity and an exceptionally high standard of conduct."

Respondent has obviously failed to meet this standard of conduct and, for the protection of the public, should be permanently disbarred.