OFFICE OF DISCIPLINARY COUNSEL *v.* MICHAELS.

[Cite as Disciplinary Counsel *v.* Michaels (1988), 38 Ohio St. 3d 248.]

(No. D.D. 87-34—Submitted March 9, 1988—Decided August 24, 1988.)

250

*J. Warren Bettis,* disciplinary counsel, and *Karen B. Hull,* for relator.

*Charles E. Grisi,* for respondent.

MOYER, C.J. We find that respondent violated DR 1-102(A)(6) as found by the board. Allegations of misconduct based on criminal convictions for actions unrelated to the practice of law have frequently resulted in disciplinary sanctions by this court. For example, see *Disciplinary Counsel* v. *Hughes* (1985), 17 Ohio St. 3d 210, 17 OBR 445, 478 N.E. 2d 796 (extortion in violation of DR 1-102[A][3], [5] and [6], resulting in disbarment); *Muskingum Cty. Bar Assn.* v. *Workman* (1985), 17 Ohio St. 3d 95, 17 OBR 216, 477 N.E. 2d 632 (assault and criminal trespass in violation of DR 1-102[A][3], resulting in one-year suspension); *Disciplinary Counsel* v. *Collins* (1985), 17 Ohio St. 3d 41, 17 OBR 34, 476 N.E. 2d 1050 (mail fraud in violation of DR 1-102[A][3] and [4], resulting in indefinite suspension); *Disciplinary Counsel* v. *Wanner* (1984), 15 Ohio St. 3d 319, 15 OBR 446, 473 N.E. 2d 829 (sexual battery in violation of DR 1-102[A][3], [5] and [6], resulting in indefinite suspension); *Disciplinary Counsel* v. *Gross* (1984), 11 Ohio St. 3d 48, 11 OBR 195, 463 N.E. 2d 382 (misdemeanor and minor misdemeanor drug offenses in violation of DR 1-102[A][6], resulting in indefinite suspension); *Cincinnati Bar Assn.* v. *Heekin* (1984), 9 Ohio St. 3d 84, 9 OBR 314, 459 N.E. 2d 495 (theft from utility in violation of DR 1-102[A][3], [4] and [6], resulting in disbarment); *Cincinnati Bar Assn.* v. *Levin* (1983), 3 Ohio St. 3d 25, 3 OBR 496, 445 N.E. 2d 661 (drug trafficking in violation of DR

1-102[A][3] and [6], resulting in indefinite suspension); *Columbus Bar Assn.* v. *Harris* (1982), 1 Ohio St. 3d 33, 1 OBR 68, 437 N.E. 2d 596 (aggravated assault in violation of DR 1-102[A][3], resulting in one-year suspension); *Portage Cty. Bar Assn.* v. *Miller* (1982), 70 Ohio St. 2d 162, 24 O.O. 3d 272, 436 N.E. 2d 217 (grand theft and gambling offenses in violation of DR 1-102[A][3], [4] and [6], resulting in indefinite suspension); *Cincinnati Bar Assn.* v. *Lisner* (1981), 65 Ohio St. 2d 62, 19 O.O. 3d 258, 417 N.E. 2d 1381 (gross sexual imposition and sexual imposition in violation of DR 1-102, resulting in disbarment); *Cincinnati Bar Assn.* v. *Leroux* (1968), 16 Ohio St. 2d 10, 45 O.O. 2d 259, 242 N.E. 2d 347 (failure to file federal income tax returns, resulting in public reprimand); *Cincinnati Bar Assn.* v. *Shott, supra* (sale of unregistered securities without a license, resulting in disbarment); *Bar Assn.* v. *Smith* (1963), 174 Ohio St. 452, 23 O.O. 2d 106, 190 N.E. 2d 267 (conveying false information concerning attempt to place bomb on civilian aircraft, resulting in indefinite suspension); *Butler Cty. Bar Assn.* v. *Schaeffer* (1961), 172 Ohio St. 165, 15 O.O. 2d 320, 174 N.E. 2d 103 (illegal procurement of narcotic drugs with forged prescriptions, resulting in indefinite suspension). Sanctions have been imposed even where illegal conduct unrelated to the practice of law was found to be unintentional. *Cincinnati Bar Assn.* v. *Leroux, supra.*

Although respondent's illegal conduct was unintentional, the imposition of an appropriate sanction in this case must necessarily take into account the fact that the life of another person ended as a result of respondent's abuse of alcohol. We conclude that an appropriate sanction in this case is an eighteen-month suspension from the practice of law, provided that the granting of respondent's application for reinstatement to the practice of law shall not be automatic.

We perceive our responsibility in cases of this nature to go beyond the imposition of a standard appropriate sanction. In Ohio, as in every other state, the opportunities presented the legal profession to assist judges and lawyers in becoming free of alcohol and drug dependence are increasing at a rapid rate. Where a lawyer's use of alcohol or drugs results in conduct that violates the Code of Professional Responsibility, the disciplinary process of this court can and should be viewed as a potential for recovery as well as a procedure for the imposition of sanctions.

Although the record indicates that respondent's use of alcohol may have subsided to some extent since May 16, 1985, we are convinced that he needs help. Therefore, in addition to the eighteen-month suspension from the practice of law we have imposed today, respondent is placed on probation for five years from the date of this order, during which time he shall be required to abstain from the use of alcohol. The probation shall be monitored by the Office of Disciplinary Counsel with the assistance of the Lawyers Assistance Committee of the Ohio State Bar Association. Respondent's application for readmission to the practice of law and, if readmitted, his status as a lawyer thereafter will be determined, in part, by his compliance with the conditions of his probation. Costs are taxed to respondent.

*Judgment accordingly.*

SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., not participating.