**In the Matter of the DISCIPLINE
OF David P. RUSSELL, as
an Attorney at Law.**

**No. 17949.**

Supreme Court of South Dakota.
Original Proceeding
Argued Nov. 17, 1992.
Decided Dec. 16, 1992.

R. James Zieser, Tyndall, for complainant Disciplinary Bd.

Patrick Duffy, Bangs, McCullen, Butler, Foye and Simmons, Rapid City, for respondent Russell.

HENDERSON, Justice.

This is a disciplinary proceeding.

On March 24, 1992, attorney David P. Russell, Respondent, pled guilty to Misprision of a Felony, a Class 1 misdemeanor, SDCL 22–11–12 which states:

> Any person who, having knowledge, which is not privileged, of the commission of a felony, conceals the same, or does not immediately disclose such felony, with the name of the perpetrator thereof, and all the facts in relation thereto, to the proper authorities, shall be guilty of misprision of a felony....

Attorney Russell assisted known fugitives from Florida in fleeing from authorities by lending money, furnishing a car, and providing his credit cards to them.

Due to this conviction, pursuant to SDCL 16–19–37 *, this Court suspended him from the practice of law on June 12, 1992, and directed that formal proceedings be instituted against Russell.

■ Thereafter, the Disciplinary Board of the State Bar of South Dakota filed formal charges and recommended public censure. This Court seriously considered the recommendation and the arguments of the parties on November 17, 1992. Final decisions on discipline rest with this Court. SDCL 16–19–22; *Matter of Discipline of Willis*, 371 N.W.2d 794 (S.D.1985).

■ Knowingly assisting fugitives constitutes an interference with the law which violates Rule 8.4 of the Rules of Professional Conduct (SDCL 16–18, Appx.) which provides in pertinent part:

> It is professional misconduct for a lawyer to:
>
> (d) engage in conduct that is prejudicial to the administration of justice[.]

Without question, Russell did engage in activities which were prejudicial to the administration of justice. Despite any well-meant intentions and the claim that he fell victim to professional con-men, Russell's judgment was clouded and ethically misguided. Russell admits that he has overstepped ethical boundaries by assisting these fugitives. His conduct, as per the suspension, will closely be monitored by the State Bar and this Court.

We deem it is in the best interests of the public and legal profession to suspend Russell from the practice of law and have entered an order dated November 19, 1992

---

\* SDCL 16–19–37 provides:

If any attorney has been convicted of a serious crime as defined in § 16–19–36, the Supreme Court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction. Upon good cause shown, the Court may set aside such order restraining the attorney from engaging in the practice of law when it appears in the interest of justice so to do. An order suspending an attorney from the practice of law pursuant to this section shall constitute a suspension of the attorney for the purpose of §§ 16–19–74 to 16–19–82, inclusive, unless the Supreme Court shall otherwise order.

to that effect. *Matter of Discipline of Hopp,* 376 N.W.2d 816 (S.D.1985). Conditions of the suspension are as follows:

Russell is suspended from the practice of law in all of the courts of the State of South Dakota for a period of one year, commencing on November 19, 1992; provided, however, that respondent shall be given credit for the period of temporary suspension which commenced on June 12, 1992; respondent shall be permitted to immediately resume the practice of law; provided further, however, that the balance of the remaining one-year term of suspension be suspended upon compliance with the following conditions:

Respondent shall continue with psychiatric counseling for a period of two years.

Respondent shall file written progress reports from his psychiatrist with the Court and with the Disciplinary Board every three months for a period of two years, the first of such reports being due on March 1, 1993.

Respondent shall file monthly reports with the Court and with the Disciplinary Board on the status of all open files that he has in his practice for a period of two years.

Respondent shall comply with the judgment of the Circuit Court, Magistrate Division, Seventh Judicial Circuit, dated May 28, 1992.

We impose suspension, subject to the above conditions, in this disciplinary proceeding.

MILLER, C.J., and WUEST, SABERS and AMUNDSON, JJ., concur.