**[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 45.]**

OFFICE OF DISCIPLINARY COUNSEL *v*. MESI.

**[Cite as *Disciplinary Counsel v. Mesi*, 1995-Ohio-69.]**

*Attorneys at law—Misconduct—Indefinite suspension—Conviction for misprision—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct that adversely reflects on fitness to practice law—Continuing multiple employment that adversely affects professional judgment on behalf of client without client's consent after full disclosure— Neglecting an entrusted legal matter—Failing to preserve the identity of funds of a client—Restitution a condition for reinstatement.*

(No. 94-2654—Submitted January 24, 1995—Decided April 19, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-35.

———————————

{¶ 1} In a complaint filed on June 21, 1993, relator, Office of Disciplinary Counsel, charged respondent, Philip Anthony Mesi of Cleveland, Ohio, Attorney Registration No. 0023592, with five counts of professional misconduct. A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on August 19, 1994.

{¶ 2} Respondent stipulated to violations of the Disciplinary Rules and to the events underlying these violations as follows:

"COUNT I

"1. Respondent * * * is an attorney at law admitted to practice law in the State of Ohio on May 5, 1965.

"2. On January 14, 1993, pursuant to Gov.Bar R.V, § 5 (A)(3) [suspension for conviction of felony] , Respondent was indefinitely suspended from the practice of law in Ohio by the Supreme Court of Ohio, Case No. 92-2639.

"3. On January 7, 1992, Respondent was indicted by a federal grand jury in a nine (9) count indictment for his activities in a nationwide telemarketing scheme. * * * A superseding information was filed on August 28, 1992, charging Respondent with one (1) count of Misprision (a felony). 18 U.S.C. § 4.

"4. On August 31, 1992, Respondent entered a guilty plea to the Misprision, admitting that from September to November of 1990, he had knowledge of the commission of a felony, and did not notify the appropriate officials of same.

"5. On December 1, 1992, Judge David D. Dowd, Jr., U.S. District Court, sentenced Respondent, Philip A. Mesi, to three (3) years probation, three hundred (300) hours of community [service] and a $3,000.00 fine.

"* * *

"6. Respondent's conduct violated the Code of Professional Responsibility: DR 1-102(A)(6) (misconduct in engaging in conduct that is prejudicial to the administration of justice).

"COUNT II

"7. In September of 1990, Respondent entered into a[] 'Power of Attorney' agreement with America's Family Protection Service [* * * 'AFRS']. The agreement required Respondent to provide an escrow account for 'AFRS.' Respondent used the same account for his client as he utilized in his private practice of law for his office checking account * * *.

"8. In November of 1990, 'AFRS' requested the return of all monies deposited under the agreement, which were approximately $17,300.00. Respondent failed to return the funds.

"9. At the time of the request, Respondent's escrow account was in a negative balance. As of November 1, 1993, Respondent has paid or returned approximately One Thousand Five Hundred Dollars ($1,500.00) of the funds to his client.

2

"10.  On June 21, 1991, ['AFRS' filed] a Complaint for Concealment of Assets [against Respondent].  * * * On July 29, 1992, Judge John E. Corrigan found Respondent guilty of concealing assets and ordered him to pay Fifteen Thousand [Eight Hundred] Dollars ($15,800.00) to ['AFRS'].

" * * *

"11.    Respondent's conduct violated the Code of Professional Responsibility: DR 6-101(A)(3) (neglect [of]a legal matter entrusted to him) and DR 9-102(B) (failure to promptly pay or deliver to the client as requested by a client the funds, in the possession of the lawyers, which the client is entitled to receive).

"COUNT III

"12.  After Respondent received the funds from 'AFRS,' he loaned another client * * * Fifteen Thousand Dollars ($15,000.00).  The loan was to be repaid in ninety (90) days.

"13.  As of November 1, 1993, nearly three (3) years later, Respondent still has not received full repayment of the loan [to his client].

" * * *.

"14.  Respondent's conduct in loaning monies of one client to another, without permission, violated the Code of Professional Responsibility: DR 1-102(A)(6) (misconduct in engaging in * * * conduct that adversely reflects on his fitness to practice law) and DR 6-105(B) [*sic*, 5-105(B)] (refusing to accept or continue employment if the interest of another client may impair the independent professional judgment of the lawyer); and DR 9-102(A) (preserving the identity of funds and property of a client).

"COUNT IV

"15.  From April 20, 1988 to December 31, 1990, Respondent's escrow checking account at National City Bank was charged with fifty-nine (59) 'returned check' charges.

"16. From February 2, 1989, to November 30, 1992, Respondent's lawyer trust account at National City Bank was charged with fifty-seven (57) 'returned check charges.

"17. Respondent's conduct in having negative balances in his attorney trust account and lawyer checking account violates the Code of Professional Responsibility: DR 9-102(A) (preserving the identity of funds and property of a client).

"COUNT V

"18. Respondent was retained by [another client] to prepare incorporation papers and a contract for the purchase of a business with a liquor license. On December 4, 1989, [the client] sued Respondent. * * *

"19. As Respondent failed to respond to a Request for Production of Documents, a Motion for Default was filed. During a hearing on the Default Motion on April 23, 1990, Respondent was ordered to cooperate in fulfilling all discovery demands. Respondent failed to appear for his deposition scheduled for June 13, 1990.

"20. Respondent was given until June 22, 1990, to provide the plaintiff with discovery. As he failed to do so, a Motion for Sanctions against Respondent was filed, requesting a default judgment. On October 31, 1990, the Court found Respondent in default, pursuant to Rule 37, Ohio Rules of Civil Procedure, and ordered Respondent to pay plaintiff Twelve Thousand Two Hundred * * * Thirty-Nine Dollars and Fifty Cents ($12,239.50). As of November 1, 1993, this obligation remains unpaid.

" * * *

"21. Respondent's conduct violated the Code of Professional Responsibility: DR 1-102(A)(5) (misconduct in engaging in conduct that is prejudicial to the administration of justice)."

4

**{¶ 3}** The panel found that respondent violated the Disciplinary Rules, as admitted, except for DR 5-105(B), as charged in Count III. In recommending a sanction for this misconduct, the panel considered testimony and correspondence describing respondent's contributions to his community, his integrity, his expression of remorse, and his suggestion that his crimes were, in some part, the product of naivety. The panel also reviewed cases from other jurisdictions in which attorneys were sanctioned due to their convictions of misprision: *Office of Disciplinary Counsel v. Shorall* (1991), 527 Pa. 413, 592 A.2d 1285 (attorney suspended from the practice of law for three years after he concealed a felony by providing authorities four different accounts of a former client's activities); and *In re Discipline of Russell* (S.D.1992), 493 N.W.2d 715 (attorney suspended for one year, but placed on probation and given credit for time served under previously imposed automatic suspension for felony conviction, after he provided money, a car, and credit cards to known fugitives).

**{¶ 4}** The panel recommended that respondent be suspended from the practice of law for one year, with full restitution being a condition of reinstatement. The board adopted the panel's findings of misconduct, and also found a violation of DR 5-105, as admitted, but recommended that respondent receive an indefinite suspension with credit given for time already served under the suspension issued on January 14, 1993.

———————————

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Gordon S. Friedman,* for respondent.

———————————

***Per Curiam.***

**{¶ 5}** We concur in the board's findings that respondent violated DR 1-102(A)(5) and (6), 5-105(B), 6-101(A)(3), and 9-102(A) and (B). The board's recommended sanction, however, is not appropriate.

**{¶ 6}** We, like the court in *Office of Disciplinary Counsel v. Shorall* (1991), 527 Pa. 413, 592 A.2d 1285, are not moved by respondent's apologies for his poor judgment and naivety. Respondent pleaded guilty to the felony of which he now stands convicted. As the *Shorall* court observed, a guilty plea is not a ceremony of innocence, nor can it be rationalized in a subsequent disciplinary proceeding. *Id.* at 424-425, 592 A.2d at 1291, citing *Commonwealth v. Anthony* (1984), 504 Pa. 551, 475 A.2d 1303. Moreover, respondent commited several other serious violations of Disciplinary Rules, and we are not inclined to temper the penalty for this misconduct on the basis of his professed good intentions or inadvertence.

**{¶ 7}** We, therefore, order that respondent be suspended indefinitely from the practice of law in Ohio, and we allow no credit for time served pursuant to the suspension imposed under Gov.Bar R. V(5). Restitution remains a condition for respondent's reinstatement by operation of Gov.Bar R.V(10)(E)(1). Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., dissent.

DOUGLAS and PFEIFER, JJ., dissent.

————————————

**DOUGLAS, J., dissenting.**

**{¶ 8}** The board recommended that the respondent be indefinitely suspended with credit to be given for time already served under the suspension issued on January 14, 1993. I would adopt the recommendation of the board. Since the majority does not do so, I respectfully dissent.

PFEIFER, J., concurs in the foregoing dissenting opinion.

————————————