**[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 93.]**

**DISCIPLINARY COUNSEL *v*. NORRIS.**

**[Cite as *Disciplinary Counsel v. Norris*, 1996-Ohio-418.]**

*Attorney at law—Misconduct—Two-year suspension with one year of stayed on conditions—Conviction of possession of cocaine.*

(No. 95-2525—Submitted April 15, 1996—Decided July 24, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-34.

_____

{¶ 1} On November 18, 1994, based on his plea of guilty, a federal court convicted respondent, David William Norris, the Prosecuting Attorney of Portage County, Attorney Registration No. 0021394, of the misdemeanor of possession of cocaine. The court placed respondent on a two-year probation and fined him $250. Pursuant to his agreed guilty plea, respondent resigned as prosecutor and sought drug counseling and rehabilitation.

{¶ 2} On April 10, 1995, relator, Office of Disciplinary Counsel, filed a complaint charging respondent with violating DR 1-102 (A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct adverse to his fitness to practice law).

{¶ 3} At a hearing before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), the parties stipulated to the above facts and violation of the Disciplinary Rules as charged. Respondent and other witnesses testified in mitigation that while respondent had used cocaine in the past, he did not use or possess it on the day charged in the indictment, but that respondent had entered his guilty plea to avoid a trial. Respondent and others testified that since his resignation as prosecutor, respondent regularly attended rehabilitation meetings. Respondent and others further testified that respondent has

become involved with the Ohio Lawyers Assistance Program and a similar program in Florida, where he temporarily resided, and that he has tested drug-free on numerous random occasions during the six-month period prior to the panel's hearing. Several lawyers, a judge, a physician, the chief executive officer of a county hospital who is also an attorney, and a representative of the Ohio Lawyers Assistance Program testified as to respondent's being a highly qualified attorney and being committed to his rehabilitation.

{¶ 4} The panel found that mitigating circumstances existed and recommended that respondent be suspended from the practice of law for two years, but that the suspension be stayed, provided that the respondent continues his rehabilitation and fulfills his contract with the Ohio Lawyers Assistance Program, submits to periodic and random drug testing, and continues to attend AA meetings. The board adopted the panel's findings and recommendation.

_____

*Geoffrey Stern*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

*Antonios C. Scavdis*, for respondent.

_____

***Per Curiam.***

{¶ 5} We concur with the board's findings, but believe that a more severe penalty is warranted. First, we take as fact that the respondent is guilty of the misdemeanor of possessing cocaine. Despite his testimony, and that of others, that there were no facts to support his conviction and that he pled guilty to avoid a trial, we decline to go behind the federal court's judgment. As we pointed out in *Disciplinary Counsel v. Mesi* (1995), 72 Ohio St.3d 45, 49, 647 N.E.2d 473, 476, "a guilty plea is not a ceremony of innocence, nor can it be rationalized in a subsequent disciplinary proceeding."

**{¶ 6}** Second, we recognize that respondent committed this misdemeanor while serving as an elected public official whose sworn duty was to prosecute the very crime he was committing. Our previous decisions involving public officials should have provided a warning to respondent. *Disciplinary Counsel v. Smakula* (1988), 39 Ohio St.3d 143, 529, N.E.2d 1376 (assistant prosecutor received one-year suspension for misdemeanor of ticket fixing); *Disciplinary Counsel v. Gross* (1983), 11 Ohio St. 3d 48, 11 OBR 195, 463 N.E.2d 382 (misdemeanor convictions of Industrial Commission attorney for drug abuse and driving under the influence warranted indefinite suspension).

**{¶ 7}** Third, we are disposed to temper any penalty due to our belief that in a case involving substance abuse, "the disciplinary process of this court can and should be viewed as a potential for recovery as well as a procedure for the imposition of sanctions." *Disciplinary Counsel v. Michaels* (1988), 38 Ohio St.3d 248, 251, 527 N.E.2d 299, 302. In this case it is clear from the testimony that the respondent has already committed himself to a rehabilitation program in which he has made significant progress.

**{¶ 8}** In view of the foregoing, the respondent is hereby suspended from the practice of law for two years with one year of the suspension stayed, provided that throughout the two-year period he complies with the drug and alcohol treatment of the Ohio Lawyers Assistance Program, and otherwise complies in full with his contract under that program, has mandatory periodic random drug testing, and continues to attend AA meetings. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

COOK, J., concurs separately.

————————————

**COOK, J., concurring.**

{¶ 9} I write separately on the subject of judges testifying as character witnesses in disciplinary proceedings. Canon 2 of the Code of Judicial Conduct prohibits a judge from lending the prestige of the office to advance the private interests of others. It states that "[a judge] should not testify voluntarily as a character witness." Canon 2(B). As explained in the commentary to Canon 2, the "testimony of a judge as a character witness injects the prestige of his [her] office into the proceeding *** and may be misunderstood to be an official testimonial." Although the canon does not afford a judge the privilege against testifying in response to an official summons, such practice should be discouraged when employed as a means to circumvent the very principle espoused by Canon 2.

_____