**In re Leonard S. BLONDES, Petitioner.**

**No. 99–BG–293.**

District of Columbia Court of Appeals.

Submitted June 24, 1999.

Decided July 15, 1999.

Before STEADMAN and REID, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

Petitioner Leonard S. Blondes became a member of the Maryland Bar in 1955 and a member of the District of Columbia Bar in 1956. On May 9, 1978, Blondes was suspended from the practice of law in Maryland and was ultimately disbarred on January 31, 1979 due to his criminal conviction in the Circuit Court of Charles County, Maryland for "fraudulent misrepresentation by a fiduciary" and "commingling of escrow funds." This court, imposing reciprocal discipline, disbarred Blondes effective as of the date of his interim suspension in the District on May 9, 1978. *See In re Blondes,* No. D–33–79 (D.C. Nov. 19, 1979).

On December 15, 1987, Blondes applied for reinstatement to the Maryland Bar. On July 15, 1994, the Maryland Court of Appeals reinstated Blondes. Similarly, Blondes was reinstated into the Bar of the United States District Court for the District of Maryland on September 20, 1995.

On December 31, 1996, Blondes filed a petition for reinstatement to the District of Columbia Bar. A hearing was held on March 12, 1997. Bar Counsel and the Hearing Committee both felt that Blondes had satisfied the first four requirements of *In re Roundtree,* 503 A.2d 1215 (D.C.1985). However, since Blondes had been disbarred for close to twenty years, both expressed concerns about his ability to satisfy the fifth *Roundtree* factor, namely his "present qualifications and competence to practice law." Thus, Bar Counsel recommended that Blondes' reinstatement be conditioned upon his participating in a "continuing legal education [(CLE)] course dealing with general small-firm practice and business representation ." Despite this recommendation, the Hearing Committee, in its January 7, 1998 report, was not convinced that Blondes would be able to satisfy the fifth *Roundtree* factor simply by taking a CLE course. In particular, the Hearing Committee concluded: "[T]here simply is a lack of clear and convincing evidence ... that this petitioner is, or could at age 68 after 18 years of disbarment become able to give good legal advice to the public."

On January 27, 1998, Blondes filed a "Motion to Remand and Supplement the Hearing Record" with regard to the fifth *Roundtree* factor. The motion was granted and a second hearing was held on May 20, 1998. Among the evidence presented, Blondes testified that he had audited a two credit CLE course on professional responsibility and ethics at George Washington University in 1994. The Hearing Committee's December 1, 1998 report stated that Blondes had indeed demonstrated "his qualifications and competence to practice law," and thus, recommended "without hesitation" that Blondes be reinstated.

On March 11, 1999, the Board on Professional Responsibility ("Board") in its report and recommendation, agreed with the Hearing Committee that Blondes had satisfied all five of the *Roundtree* factors, and recommended that we grant reinstatement. "Under these circumstances, the scope of our review is deferential. 'Because [Bar Counsel] has not filed any exceptions to the Board's report and recommendation, this court's already considerable deference to the Board's determination ... is enhanced." ' *In re Fogel,* 728 A.2d 668 (D.C.1999) (quoting *In re Hoare,* 727 A.2d 316, 317 (D.C.1999)). Accordingly, for the reasons stated by the Board, Leonard S. Blondes is reinstated to the practice of law in this jurisdiction.

*So ordered.*