OFFICE OF DISCIPLINARY COUNSEL *v.* NORRIS.

[Cite as *Disciplinary Counsel v. Norris* (1996), 76 Ohio St.3d 93.]

(No. 95–2525—Submitted April 15, 1996—Decided July 24, 1996.)

*Geoffrey Stern,* Disciplinary Counsel, and *Stacy M. Solochek,* Assistant Disciplinary Counsel, for relator.

*Antonios C. Scavdis,* for respondent.

———

*Per Curiam.* We concur with the board's findings, but believe that a more severe penalty is warranted. First, we take as fact that the respondent is guilty of the misdemeanor of possessing cocaine. Despite his testimony, and that of others, that there were no facts to support his conviction and that he pled guilty to avoid a trial, we decline to go behind the federal court's judgment. As we pointed out in *Disciplinary Counsel v. Mesi* (1995), 72 Ohio St.3d 45, 49, 647 N.E.2d 473, 476, "a guilty plea is not a ceremony of innocence, nor can it be rationalized in a subsequent disciplinary proceeding."

Second, we recognize that respondent committed this misdemeanor while serving as an elected public official whose sworn duty was to prosecute the very crime he was committing. Our previous decisions involving public officials should have provided a warning to respondent. *Disciplinary Counsel v. Smakula* (1988), 39 Ohio St.3d 143, 529 N.E.2d 1376 (assistant prosecutor received one-year suspension for misdemeanor of ticket fixing); *Disciplinary Counsel v. Gross* (1984), 11 Ohio St.3d 48, 11 OBR 195, 463 N.E.2d 382 (misdemeanor convictions of Industrial Commission attorney for drug abuse and driving under the influence warranted indefinite suspension).

Third, we are disposed to temper any penalty due to our belief that in a case involving substance abuse, "the disciplinary process of this court can and should be viewed as a potential for recovery as well as a procedure for the imposition of sanctions." *Disciplinary Counsel v. Michaels* (1988), 38 Ohio St.3d 248, 251, 527 N.E.2d 299, 302. In this case it is clear from the testimony that the respondent has already committed himself to a rehabilitation program in which he has made significant progress.

In view of the foregoing, the respondent is hereby suspended from the practice of law for two years with one year of the suspension stayed, provided that throughout the two-year period he complies with the drug and alcohol treatment of the Ohio Lawyers Assistance Program, and otherwise complies in full with his contract under that program, has mandatory periodic random drug testing, and continues to attend AA meetings. Costs taxed to the respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

COOK, J., concurs separately.

COOK, J., concurring. I write separately on the subject of judges testifying as character witnesses in disciplinary proceedings. Canon 2 of the Code of Judicial Conduct prohibits a judge from lending the prestige of the office to advance the private interests of others. It states that "[a judge] should not testify voluntarily as a character witness." Canon 2(B). As explained in the commentary to Canon 2, the "testimony of a judge as a character witness injects the prestige of his [her] office into the proceeding * * * and may be misunderstood to be an official testimonial." Although the canon does not afford a judge the privilege against testifying in response to an official summons, such practice should be discouraged when employed as a means to circumvent the very principle espoused by Canon 2.