RICHLAND COUNTY BAR ASSOCIATION *v.* WOLF.

[Cite as *Richland Cty. Bar Assn. v. Wolf* (1997), 78 Ohio St.3d 476.]

(No. 96–1990—Submitted February 19, 1997—Decided May 21, 1997.)

*William T. McIntyre*, for relator.

*Charles W. Kettlewell*, for respondent.

---

*Per Curiam.* We have reviewed the record and agree with the findings and conclusions of board. The board has determined that respondent should be sanctioned for his failure to be truthful with the detective investigating the allegations against him. Even though those allegations were based on misleading statements of a former client, respondent was not justified in lying to the detective.

Lying to an investigating officer by an attorney is not acceptable and cannot be justified by the emotional and extenuating circumstances in which respondent found himself. We agree with the recommendation of the board and hereby suspend respondent from the practice of law for six months with the entire suspension stayed. Costs taxed to respondent.

*Judgment accordingly.*


MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

COOK, J., dissenting. Since Sherri Clifton's divorce was finalized just nine days before the sexual intercourse in respondent's office, I agree with the relator that Clifton ought to have been considered an "existing" rather than a "former" client for purposes of assessing the gravity of respondent's disciplinary breach. Moreover, a few days before the incident, Clifton had been a psychiatric in-patient in the Richland Hospital and respondent knew that she was mentally unstable. Considering the above two factors with respondent's guilty pleas to sexual imposition and falsification, which conduct involves moral turpitude, fraud, and deceit, I would impose at least a six-month suspension and stay no part of it.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.