[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 476.]

RICHLAND COUNTY BAR ASSOCIATION *v*. WOLF.

[Cite as *Richland Cty. Bar Assn. v. Wolf*, 1997-Ohio-60.]

*Attorneys at law—Misconduct—Suspended six-month suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.*

(No. 96-1990—Submitted February 19, 1997—Decided May 21, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-16.

_____

{¶ 1} On June 21, 1996, a hearing was held before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") as a result of a complaint filed by relator, Richland County Bar Association, against respondent, Marcus A. Wolf of Mansfield, Ohio, Attorney Registration No. 0008181. Based on the stipulations of the parties and testimony at the hearing, the panel made the following findings.

{¶ 2} On November 16, 1994, a former female client of respondent, whom respondent had represented in a divorce case, stopped by his office without an appointment. After she walked into the office, respondent locked the door, and he and the client embraced and had sexual intercourse. Respondent then left the office for a court appointment, and the former client went first to Mansfield General Hospital and then to a detective at the Richland County Sheriff's Department. She told both hospital personnel and the detective that the sexual incident was not consensual.

{¶ 3} On December 1, 1994, respondent denied to the detective that he had sexual intercourse with his former client. Two days later respondent and his counsel contacted the detective and told him that respondent's previous statement was untruthful, and that he did have sexual relations with the woman. As a result

of the sexual relations and his lie to the detective, a grand jury charged respondent with two felony counts and one misdemeanor count.

{¶ 4} At a hearing in the criminal case, the prosecutor requested and the court agreed to reduce the charges against respondent to misdemeanors of falsification and sexual imposition. The former client asserted in an affidavit that the sexual relations were consensual, and she requested that the charges not be pursued. Respondent pled guilty to the misdemeanors, and the trial court sentenced him to two consecutive thirty-day jail terms, of which respondent served only fifty-three days because he had arranged with the court to practice law on weekends. Respondent was also ordered to reimburse the county and pay restitution to the former client for any medical or counseling expenses that she may have incurred as a result of the incident.

{¶ 5} The panel received the testimony of three lawyers and numerous letters from other lawyers attesting to respondent's integrity, reputation, and legal ability. In response to subpoenas, two active judges and one former judge testified on respondent's behalf, and three sitting judges wrote letters in response to subpoenas as to respondent's competency, honesty, and reputation. In addition, the panel received a letter from a psychiatrist stating that his patient, respondent's former client, had suffered little, if any, psychological damage as a result of the incident.

{¶ 6} Respondent admitted that his act of lying to the detective violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). The panel found this violation and recommended that respondent be suspended from the practice of law for six months, with the entire six months stayed. The board adopted the findings, conclusions, and recommendations of the panel.

————————————

*William T. McIntyre*, for relator.

*Charles W. Kettlewell*, for respondent.

———————————

**Per Curiam.**

**{¶ 7}** We have reviewed the record and agree with the findings and conclusions of board. The board has determined that respondent should be sanctioned for his failure to be truthful with the detective investigating the allegations against him. Even though those allegations were based on misleading statements of a former client, respondent was not justified in lying to the detective.

**{¶ 8}** Lying to an investigating officer by an attorney is not acceptable and cannot be justified by the emotional and extenuating circumstances in which respondent found himself. We agree with the recommendation of the board and hereby suspend respondent from the practice of law for six months with the entire suspension stayed. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

**{¶ 9}** Since Sherri Clifton's divorce was finalized just nine days before the sexual intercourse in respondent's office, I agree with the relator that Clifton ought to have been considered an "existing" rather than a "former" client for purposes of assessing the gravity of respondent's disciplinary breach. Moreover, a few days before the incident, Clifton had been a psychiatric in-patient in the Richland Hospital and respondent knew that she was mentally unstable. Considering the above two factors with respondent's guilty pleas to sexual imposition and falsification, which conduct involves moral turpitude, fraud, and deceit, I would impose at least a six-month suspension and stay no part of it.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.