Akron Bar Association *v.* Thomas.

[Cite as *Akron Bar Assn. v. Thomas* (1999), 84 Ohio St.3d 395.]

(No. 98–1796—Submitted October 28, 1998—Decided January 20, 1999.)

*Stephen D. Hardesty* and *James S. Thomasson,* for relator.

*Hennenberg & Brown* and *John A. Fatica,* for respondent.

***Per Curiam.*** We adopt the findings, conclusions, and recommendation of the board. Although respondent was convicted of a felony relating to his cocaine addiction, any penalty must be tempered by respondent's demonstrated commitment to drug counseling and rehabilitation. See *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 53, 693 N.E.2d 1078, 1079, citing *Disciplinary Counsel v. Norris* (1996), 76 Ohio St.3d 93, 666 N.E.2d 1087. In light of respondent's demonstrated commitment to sobriety, his cooperation with law enforcement officials, his four-year supervised release with conditions, and the lack of any established negative impact on his legal or business clients, a two-year suspension with one year stayed is an appropriate sanction for respondent's

misconduct. See, *e.g., Disciplinary Counsel v. McElrath* (1994), 71 Ohio St.3d 131, 642 N.E.2d 370 (similar penalty imposed in case involving convictions that included trafficking in drugs and drug abuse for possession or use of cocaine); see, also, *Norris.*

Based on the foregoing, respondent is hereby suspended from the practice of law for two years with the second year of the suspension stayed, provided that respondent continue to successfully control his drug addiction. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. Because I believe that the majority's sanction is insufficient to properly address respondent's problem, I respectfully dissent.

Respondent was convicted of trafficking in cocaine, a felony conviction. Although I acknowledge the respondent's commitment to treatment, it may be motivated, at least in part, by his parole status and the possibility of being returned to prison. In addition, the two-year suspension with the second year stayed is too short to ensure that respondent can remain drug free. An indefinite suspension would better enable this court to monitor respondent's progress before allowing him to apply for reinstatement.

Therefore, due to the seriousness of the respondent's conviction and the continued need to ensure that respondent is indeed drug free, I would impose an indefinite suspension with credit for time served.

COOK, J., concurs in the foregoing dissenting opinion.