Koblentz & Koblentz, Richard S. Koblentz, Bryan L. Penvose, and Craig J. Morice, for respondent.

DISCIPLINARY COUNSEL *v.* CONNOR.

[Cite as *Disciplinary Counsel v. Connor,*
105 Ohio St.3d 100, 2004-Ohio-6902.]

(No. 2004–1761—Submitted November 30, 2004—Decided December 22, 2004.)

**Per Curiam.**

{¶ 1} Respondent, John Aloysius Connor of Columbus, Ohio, Attorney Registration No. 0013324, was admitted to the practice of law in Ohio in 1966. He was elected to the Franklin County Court of Common Pleas Court in November 1992, and since January 1993, he has continuously served in that capacity. On June 7, 2004, relator, Disciplinary Counsel, charged respondent with violations of the Code of Judicial Conduct and the Code of Professional Responsibility.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline heard the cause and made findings of misconduct and a recommendation. The panel's findings were based, in part, on the parties' stipulations, and the panel's recommendation took into account stipulated mitigating factors and testimonials about respondent's character. The board adopted the panel's findings and recommendation.

### Misconduct

{¶ 3} Respondent was stopped by a police officer on December 15, 2002, while driving an automobile in Palm Beach County, Florida. He was under the

influence of alcohol at the time. That case was resolved in February 2004, when respondent pleaded guilty to driving while under the influence of alcohol, a misdemeanor offense. Respondent was sentenced to ten days in jail, with credit for each day he spent in an inpatient program for alcohol abuse, and placed on probation for one year.

{¶ 4} This incident was respondent's second drunk-driving conviction in five years. He was previously convicted in January 2000 of operating a motor vehicle while intoxicated, in Bexley, Ohio, a violation of R.C. 4511.19(A)(1). As a result of that conviction, the Franklin County Municipal Court ordered respondent to undergo a three-day inpatient treatment program, suspended his driver's license for 140 days, and fined him $300.

{¶ 5} Although no disciplinary action resulted from respondent's January 2000 conviction, he had a disciplinary record stemming from earlier alcohol-related incidents: On June 12, 1985, respondent was publicly reprimanded for violating DR 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law) after he was arrested in 1984 for operating a motor vehicle while under the influence of alcohol and later convicted of permitting drug abuse, a misdemeanor offense. Following the disciplinary proceeding, respondent also pleaded guilty to reckless operation.

{¶ 6} Consistent with the parties' stipulations, the board found on these facts that respondent had again violated DR 1–102(A)(6) and had also violated Canons 2 (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary) and 4 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities) of the Code of Judicial Conduct.

### Sanction

{¶ 7} In considering the aggravating and mitigating factors of respondent's case, see Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline, the board found that respondent's misconduct did not result from a dishonest or selfish motive and that he had cooperated fully during the disciplinary proceedings. The board also considered 29 letters from respondent's colleagues, former clients, and friends, all commending respondent's integrity, competence, and commitment to the judicial system.

{¶ 8} At the panel hearing, respondent provided compelling testimony about his family members' struggles with alcohol and chemical dependency, including his mother's, two of his siblings', and his own. In his family, respondent explained, a man was measured by how much alcohol he could drink without showing deleterious effects.

{¶ 9} Since his last conviction, respondent has dedicated himself to recovery from his disease. In March 2003, respondent signed a Lawyers Support System Recovery Contract under the auspices of the Ohio Lawyers Assistance Program ("OLAP"). Scott Mote, Executive Director of OLAP, testified before the panel about respondent's commitment to and progress in this treatment program. Mote assured the panel that respondent has completely complied with the terms of his contract.

{¶ 10} Also testifying in respondent's behalf, three fellow judges spoke of their admiration and respect for respondent's work ethic, legal knowledge, judicial temperament, and sense of fair play. Several attorneys who regularly practiced before respondent echoed this sentiment. There was no evidence that respondent's alcoholism had compromised the performance of his duties on the bench.

{¶ 11} The board was impressed with the evidence of respondent's recovery efforts and his character but was also concerned that this case represented respondent's third alcohol-related incident. Respondent was publicly reprimanded in 1985 after having been arrested for driving under the influence. In 2000, he was convicted of driving while intoxicated. And in 2004, respondent was convicted of driving while intoxicated for the December 2002 incident in Florida.

{¶ 12} Respondent claimed that before his arrest in Florida, he was in denial about his alcoholism. He confessed that although he had previously participated in Alcoholics Anonymous ("AA") and had even abstained from alcohol for nearly two years, he had never been convinced that he was an alcoholic. As a result, respondent eventually relapsed, first drinking privately and then publicly.

{¶ 13} Respondent has since realized that he is an alcoholic, not just a problem drinker, and that he can never consume alcohol again. In conformity with the AA program, however, he sustains his recovery by renewing his promise to abstain each day, rather than promising to abstain forever. Respondent has also become very active in helping others manage and, to the extent possible, overcome their alcoholism.

{¶ 14} The board found that in 2003, respondent completed a respected inpatient treatment regimen in Maryland and has since strictly complied with his after-care program. The board also accepted respondent's assurance that he has reconciled himself to his alcoholism, learned how to deal with it, and made a sincere commitment to the OLAP program, including abstinence since December 2002. The board concluded that as of the hearing date, respondent appeared to have undertaken every action he could to avoid alcohol-related incidents in the future.

{¶ 15} For his misconduct, relator recommended that respondent be suspended from the practice of law for six months, all stayed. Respondent recommended that he receive no sanction or, at most, a public reprimand. Adopting the panel's

recommendation, the board recommended that respondent receive a six-month suspension, with the entire suspension stayed on the condition that he comply with the terms of his OLAP contract until March 26, 2006, which extends his current two-year contract, executed on March 26, 2003, for one year.

{¶ 16} We agree that respondent violated DR 1–102(A)(6) and Canons 2 and 4 of the Code of Judicial Conduct, as found by the board. We also find the recommended sanction to be appropriate.

{¶ 17} "One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law." *Cleveland Bar Assn. v. Stein* (1972), 29 Ohio St.2d 77, 81, 58 O.O.2d 151, 278 N.E.2d 670.

{¶ 18} Thus, we have, historically, imposed discipline for an attorney's criminal conduct, finding a violation of DR 1–102(A)(6). See, e.g., *Disciplinary Counsel v. Michaels* (1988), 38 Ohio St.3d 248, 527 N.E.2d 299 (lawyer's convictions of involuntary manslaughter and driving under the influence of alcohol warranted indefinite suspension from the practice of law); and *Disciplinary Counsel v. Norris* (1996), 76 Ohio St.3d 93, 666 N.E.2d 1087 (county prosecutor's misdemeanor conviction for possession of cocaine warranted a two-year suspension, with one year stayed on conditions). Members of the judiciary have an even greater duty to obey the law, and the breach of that duty has been met with the full measure of our disciplinary authority. *Disciplinary Counsel v. Gallagher* (1998), 82 Ohio St.3d 51, 693 N.E.2d 1078 (attorney's plea of guilty to charge of distributing cocaine warranted disbarment when attorney had been holding judicial office at time of his arrest); and *Disciplinary Counsel v. Mosely* (1994), 69 Ohio St.3d 401, 632 N.E.2d 1287 (judicial misconduct involving extortion, receiving kickbacks, grand theft, and theft in office warranted disbarment).

{¶ 19} We sometimes temper the sanction, however, when illegal acts emanate from alcohol or chemical addictions and we believe that the judge or attorney is committed to recovery and no longer poses a threat to the public or the judicial system. *Norris*, 76 Ohio St.3d at 94, 666 N.E.2d 1087. But, cf., *Gallagher*, 82 Ohio St.3d at 53, 693 N.E.2d 1078 (in which rehabilitation evidence could not overshadow the egregiousness of the judge's misconduct). In these circumstances, we tailor the sanction to assist and monitor the attorneys' recovery.

{¶ 20} Respondent's acts clearly arose from his addiction to alcohol, and as the board observed, respondent has undertaken every action recommended for his recovery from his addiction. Moreover, his performance on the bench remains

above reproach. We therefore conclude that he poses no risk to the public good or the good of the judicial system, and, further, that an actual suspension of respondent's license to practice would disserve these interests.

{¶ 21} Respondent is therefore suspended from the practice of law in Ohio for six months; however, this suspension is stayed on the condition that he comply with the terms of his OLAP contract until March 26, 2006. If respondent violates this condition, the stay shall be lifted, and respondent shall serve the entire six-month suspension. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Montgomery, Rennie & Jonson and George D. Jonson, for respondent.