CUYAHOGA COUNTY BAR ASSOCIATION *v.* LAZZARO.

[Cite as *Cuyahoga Cty. Bar Assn. v. Lazzaro,*
106 Ohio St.3d 379, 2005-Ohio-5321.]

(No. 2005–0367—Submitted April 13, 2005—Decided October 19, 2005.)

**Per Curiam.**

{¶ 1} Respondent, Charles Blaise Lazzaro, of Mayfield Heights, Ohio, Attorney Registration No. 0022281, was admitted to the practice of law in Ohio in 1974. On May 7, 2003, we suspended his license to practice law for one year; however, we stayed the entire suspension upon conditions, including that he abstain from the use of drugs and fully comply with a recovery program. See *Cuyahoga Cty. Bar Assn. v. Lazzaro,* 98 Ohio St.3d 509, 2003-Ohio-2150, 787 N.E.2d 1182.

{¶ 2} On March 7, 2003, with that disciplinary case pending, respondent relapsed and used cocaine. He was convicted on May 7, 2004, of one count of cocaine possession, a felony of the fifth degree. On June 15, 2004, respondent was sentenced to five years of community control, including conditions that he complete a six-month inpatient drug-addiction treatment program with outpatient aftercare, submit to regular drug testing and be subject to arrest at the first positive test, perform community service, and pay a $1,000 fine plus costs of the criminal prosecution.

{¶ 3} On September 2, 2004, we lifted the stay of respondent's one-year suspension because he failed to comply with conditions of the stay. *Cuyahoga Cty. Bar Assn. v. Lazzaro,* 103 Ohio St.3d 1432, 2004-Ohio-4620, 814 N.E.2d 494. Respondent is thus now serving the one-year suspension from the practice of law

that commenced on September 2, 2004. Also on September 2, 2004, we imposed an interim suspension of respondent's license upon being notified of his felony conviction. See Gov.Bar R. V(5)(A)(4) and *In re Lazzaro*, 103 Ohio St.3d 1436, 2004-Ohio-4620, 814 N.E.2d 498.

{¶ 4} On August 9, 2004, relator, Cuyahoga County Bar Association, charged respondent with one count of professional misconduct arising out of his felony conviction and cocaine use. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on the parties' stipulations and other evidence, made findings of misconduct and a recommendation. The board adopted the panel's findings of fact and conclusions of law, but modified the recommended sanction.

## Misconduct

{¶ 5} Respondent's conviction under R.C. 2925.11 and his sentencing occurred after his relapse and cocaine use in 2003. Respondent stipulated to his conviction and the underlying facts and that he had thereby violated DR 1–102(A)(6) (barring conduct that adversely reflects on a lawyer's fitness to practice law). The board thus found respondent in violation of DR 1–102(A)(6).

## Sanction

{¶ 6} In determining the appropriate sanction for respondent's misconduct, factors to be considered are " 'the duties violated, the actual injury caused, the lawyer's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases.' " *Disciplinary Counsel v. Connors*, 97 Ohio St.3d 479, 2002-Ohio-6722, 780 N.E.2d 567, ¶ 16, quoting *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. See, also, Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg.").

{¶ 7} As aggravating factors, the board found that respondent has a long history of illegal drug use. He also has a significant history of disciplinary sanctions, albeit in part because of his addiction. In addition, the board found that respondent's possession and use of cocaine violated his general duty to the legal profession and judicial system to comply with the law; however, it noted that respondent did not violate any specific duty owed to a client and injured only himself.

{¶ 8} In mitigation, the board found many extenuating circumstances that weighed in favor of lenience. Before his first disciplinary infraction, respondent had practiced law without incident for 28 years. Moreover, his current misconduct did not involve dishonesty or selfishness. Respondent has also cooperated

completely in the disciplinary process, admitted his misconduct, and made determined attempts to remain drug-free.

{¶ 9} Specifically, respondent has made extensive drug-addiction recovery efforts, including completing an intensive 90–day inpatient treatment program, participating in ongoing outpatient therapy and counseling, and attending at least three 12–step meetings per week. Respondent claims a renewed commitment to abstinence and testified that retaining his license to practice law is extremely important to him. A letter from respondent's probation officer confirms his commitment to recovery and his compliance with the terms of his community control.

{¶ 10} Also in mitigation, respondent submitted character letters from friends and colleagues that, while acknowledging his history of substance-abuse problems, describe respondent as a competent and compassionate attorney. The panel and board concluded from these letters that respondent is "truly a person and an attorney worth saving." And since his suspension from practice, respondent has volunteered extensively with a local nonprofit organization that helps men who have completed drug rehabilitation or jail sentences reenter the workforce. Respondent is also actively seeking employment outside the law. One of his strongest regrets is that his criminal record cost him his job as an adjunct trial-advocacy instructor for Cleveland–Marshall School of Law.

{¶ 11} Finally, throughout the disciplinary process, respondent has repeatedly expressed his sincere remorse and shame for hurting his family and friends. He has consistently expressed how humiliating and embarrassing it was to spend 12 days in the county jail for his drug problem and how much that experience encouraged him in his commitment toward his own personal rehabilitation. Respondent readily acknowledged that due to his substance-abuse problem, disciplinary record, and criminal conviction, any relapse would likely result in permanent disbarment from the practice of law and significant jail time.

{¶ 12} Based on the foregoing evidence, the panel recommended a two-year suspension from the practice of law, with a stay of the second year on the conditions that respondent (1) abstains completely from the use of any illegal drugs, (2) complies with all terms of his criminal probation, and (3) enters a two-year contract with the Ohio Lawyers Assistance Program ("OLAP") and completes all the terms of that contract. The panel further recommended that respondent's one-year term of actual suspension be served concurrently with the suspension respondent received in his prior disciplinary case.

{¶ 13} The board adopted the panel's findings of fact and conclusions of law but recommended a two-year suspension, with a stay of the entire suspension period on the conditions suggested by the panel.

Review

{¶ 14} Respondent's sanction may be tempered to account for his last-chance commitment to drug counseling and rehabilitation; however, the sanction must also safeguard the legal profession and the judicial system from illegal conduct that adversely reflects on the practice of law. Thus, while we agree that respondent violated DR 1–102(A)(6), as found by the board, we find the sanction recommended by the panel and the board to be insufficient under the circumstances.

{¶ 15} In *Akron Bar Assn. v. Thomas* (1999), 84 Ohio St.3d 395, 704 N.E.2d 562, disciplinary proceedings were brought against a lawyer convicted of possession of cocaine with the intent to distribute. After imposing an interim felony suspension, we suspended that lawyer for two years and stayed the second year because of his demonstrated commitment to drug counseling and rehabilitation. We find a similar sanction to be appropriate here, despite respondent's susceptibility to relapse, because we are convinced that respondent genuinely understands how critical maintaining his sobriety is to his life and any hope of returning to practice in the legal profession.

{¶ 16} Accordingly, respondent is hereby suspended from the practice of law in Ohio for two years. The second year of the suspension shall be stayed provided that respondent (1) abstains completely from the use of any illegal drugs, (2) complies with all terms of his criminal probation, and (3) enters a two-year contract with OLAP and completes all the terms of that contract. If respondent fails to comply with the conditions of the stay, the stay will be lifted and respondent shall serve the entire two-year suspension.

{¶ 17} Costs are taxed to respondent.

                                                    Judgment accordingly.


MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

—————————

Offices of Gary S. Fishman and Gary S. Fishman; and Ellen S. Mandell, for relator.

Charles Blaise Lazzaro, pro se.