IN RE COMPLAINT AGAINST RESNICK, JUSTICE.

[Cite as *In re Complaint Against Resnick,*

108 Ohio St.3d 160, 2005-Ohio-6800.]

*Judicial misconduct — Driving while under the influence of alcohol — Public reprimand.*

(No. 2005-2396 — Submitted December 7, 2005 — Decided December 28, 2005.)

ADJUDICATION by the Supreme Court of Ohio pursuant to Rule II

of the Rules for the Government of the Judiciary.

_____

SHAW, J.

{¶1} This is an adjudication, pursuant to Gov.Jud.R. II(2) through (4), of a formal disciplinary complaint filed against an incumbent justice of the Supreme Court of Ohio. In this circumstance, Gov.Jud.R. II(2)(B)(3)(a) provides that the Chief Justice of the Courts of Appeals shall convene the panel described in Gov.Jud.R. II(4) to "hear and decide" the complaint. Gov.Jud.R. II(4) provides that all members of the Supreme Court of Ohio are disqualified from hearing or determining any matter in the proceeding and that the Supreme Court shall be composed of a panel consisting of the Chief Justice of the Courts of Appeals and the presiding judge of each of the 12 appellate districts of Ohio. In the event that any one of the 12 presiding judges is unable to serve, the most senior judge of that court of appeals shall serve instead.

{¶2} On May 5, 2005, relator, Jeffrey R. McQuiston, was duly appointed as a special investigator by the Chief Justice of the Courts of Appeals and was charged with the task of conducting a complete investigation into an incident involving

respondent, Justice Alice Robie Resnick, which occurred on January 31, 2005. The appointment of relator followed the determination of a panel of three presiding judges of the courts of appeals that there was sufficient cause to warrant further investigation into this incident pursuant to Gov.Jud.R. II(2)(B)(2) and (3)(a).

{¶3} Based on this investigation, relator filed a formal complaint against respondent on November 7, 2005. In the complaint, relator alleged that respondent's conduct on January 31, 2005, which led to her arrest and subsequent conviction of the offense of driving a motor vehicle while under the influence of alcohol, violated Canon 2 of the Judicial Code of Conduct, which provides, "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." The day that the complaint was filed, Justice Resnick filed her answer admitting each allegation of the complaint, including the Canon 2 violation.

{¶4} Also on November 7, 2005, the parties jointly submitted to this court the "Agreement for Consent to Discipline with Attached Affidavit." The agreement contains a number of stipulations by relator and respondent. In particular, the parties stipulate to the admission of the facts alleged in the complaint and stipulate that respondent's conduct on January 31, 2005, violated Canon 2 of the Code of Judicial Conduct. The parties further stipulate to certain matters in mitigation and agree that the recommended sanction in this matter should be a public reprimand, subject to acceptance by this court.

{¶5} Attached to the agreement is the personal affidavit of Justice Resnick, in which she admits to the truth of the facts set out in the complaint and the agreement, admits to committing the Canon violation as alleged, admits that grounds exist for the imposition of a sanction upon her, and agrees to the imposition of a public reprimand. Also attached to the agreement as exhibits A and B, respectively,

are the judgment entry of respondent's conviction for driving while under the influence of alcohol and respondent's curriculum vitae.

{¶6} In sum, as a result of this investigation and complaint, relator and respondent now submit their agreement for consent to discipline for approval and final disposition of this matter by the court in lieu of any further hearing. Upon consideration, it is our determination that the agreement for consent to discipline be accepted by the court without further hearing.

{¶7} Accordingly, based upon the foregoing complaint, answer, agreement, stipulations, affidavit, and exhibits and the joint recommendation of the parties, it is the unanimous determination of the court by clear and convincing evidence that respondent, Alice Robie Resnick, violated Canon 2 of the Code of Judicial Conduct as alleged in the complaint. It is further the unanimous determination of the court that a public reprimand is the appropriate disciplinary sanction to entirely conclude all aspects of this case.

{¶8} Respondent, Alice Robie Resnick, is hereby publicly reprimanded for her conduct on January 31, 2005.

Judgment accordingly.

DOAN, ABELE, BOGGINS, SINGER, DONOFRIO, BLACKMON, BROWN and FORD, JJ., concur.

FAIN, C.J., BROGAN and YOUNG, JJ., concur separately.

SLABY, J., concurs in judgment.

MIKE FAIN, C.J. of the Ohio Courts of Appeals Judges Association and of the Second Appellate District.

RUPERT A DOAN, J., of the First Appellate District.

JAMES A. BROGAN, J., of the Second Appellate District.

STEPHEN R. SHAW, J., of the Third Appellate District.

PETER B. ABELE, J., of the Fourth Appellate District.

JOHN F. BOGGINS, J., of the Fifth Appellate District.

ARLENE SINGER, J., of the Sixth Appellate District.

GENE DONOFRIO, J., of the Seventh Appellate District.

PATRICIA BLACKMON, J., of the Eighth Appellate District.

LYNN C. SLABY, J., of the Ninth Appellate District.

SUSAN BROWN, J., of the Tenth Appellate District.

DONALD R. FORD, J., of the Eleventh Appellate District.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District.

_____

**FAIN, C.J., concurring.**

**{¶9}** Because we are both the initial and final judicial tribunal charged with adjudicating this disciplinary complaint, I deem it to be our duty to determine, independently of the recommendation of the parties, both whether an ethical violation occurred and what the appropriate sanction for that violation should be. I therefore find it appropriate to set forth my reasoning for concluding that a public reprimand is the appropriate sanction in this matter.

**{¶10}** First, I accept the stipulation that Justice Resnick violated Canon 2 when she operated a motor vehicle while under the influence of alcohol. In this connection, I note that "[m]embers of the judiciary have an even greater duty [than do other lawyers] to obey the law, and the breach of that duty has been met with the full measure of our disciplinary authority." *Disciplinary Counsel v. Connor*, 105 Ohio St.3d 100, 2004-Ohio-6902, 822 N.E.2d 1235, ¶ 18.

**{¶11}** With respect to the proper sanction, I note that in *Disciplinary Counsel v. Connor,* the respondent, a common pleas judge, was suspended from the practice of law as a result of a conviction for driving under the influence of alcohol. In that case, however, there were aggravating circumstances, the respondent having had two prior convictions for driving under the influence of alcohol — one fewer

than three years previously — and the six-month suspension from the practice of law was itself stayed on conditions. In the case before us, the parties have stipulated that there are no aggravating factors. I am aware that media accounts of Justice Resnick's arrest for driving under the influence of alcohol included references to statements that she reportedly made to the arresting officer, while still under the influence, that might be construed as an attempt to persuade the officer to release her because of her high judicial office. While such statements could certainly constitute an aggravating circumstance, they are not part of the record before us. Neither in the original complaint in this matter, nor in the formal complaint, nor in the parties' stipulation of facts is there any allusion to these reported statements. Like any court, we are limited to the facts in evidence before us and cannot properly consider matters that we have heard only from the media.

{¶12} The parties have stipulated to the following mitigating factors:

{¶13} "a. Respondent's absence of a prior disciplinary record: No other disciplinary actions, allegations or complaints have been filed against her since her admission to the bar in 1964.

{¶14} "b. Respondent's absence of any dishonest or selfish motive.

{¶15} "c. Respondent's timely and good faith effort to rectify the consequences of her violation. She pled guilty to all charges filed against her, asked for no special treatment, and did not seek temporary driving privileges. She fully and completely served and complied with the conditions of her sentence.

{¶16} "d. Respondent's full cooperation in the disciplinary investigation and proceedings.

{¶17} "e. Respondent's excellent character and fine reputation.

{¶18} "f. Respondent has had a distinguished legal career including many years of service on the bench, and has been the recipient of numerous honors for her service to the legal profession."

**{¶19}** Cynthia Gray, a nationally recognized authority on the subject of judicial discipline, has written about discipline imposed upon judges for driving while intoxicated. Gray, Discipline for Driving While Intoxicated (Winter 2003), 24 JCR 2. In that article, Gray writes, "Although some states privately reprimand a judge for a first-time drunk-driving offense [an option not available under Ohio's disciplinary scheme], the cases from 2002 are consistent with past decisions from many states holding that a public reprimand or admonition is the appropriate sanction for a first offense but that a harsher sanction, such as censure or suspension, is justified if there are aggravating factors such as multiple incidents or an attempt to avoid arrest by asserting the judicial office."

**{¶20}** There are no aggravating factors of record in the case before us.

**{¶21}** In view of the facts that Justice Resnick has consented to the disciplinary sanction of a public reprimand, that there are no aggravating factors of record, that there are numerous mitigating factors to which the parties have stipulated, and that a public reprimand appears to be the most severe sanction typically imposed upon a judge who commits a first-time driving-while-intoxicated offense without any aggravating circumstances, I conclude that a public reprimand is the appropriate disciplinary sanction in this case.

**{¶22}** It is unfortunate that a long and distinguished career at the bar and on the bench must suffer the blemish of a public reprimand. Nevertheless, I consider it the duty of this tribunal to issue a public reprimand to the respondent, who, as a justice of the Ohio Supreme Court, is under the highest duty to uphold the law.

DOAN, BROGAN, ABELE and YOUNG, JJ., concur in the foregoing concurring opinion.

_____

**SLABY, J., concurring in judgment.**

**{¶23}** I concur in the concurring opinion, but write separately. I agree with both the majority and the concurring opinion as to the final judgment, given what is before us. However, I believe that we should have had a full, open hearing on this matter pursuant to Gov.Jud.R. II(2)(B)(3)(a). Although there are substantial stipulations of fact, there may be some unanswered questions as to how the investigator came to the conclusions and recommendations that he presented to the panel. Therefore, I concur in judgment only.

_____

Jeffrey R. McQuiston, for relator.

David W. Zoll, for respondent.

_____