Fain, C.J.,
concurring.
{¶ 9} Because we are both the initial and final judicial tribunal charged with adjudicating this disciplinary complaint, I deem it to be our duty to determine, independently of the recommendation of the parties, both whether an ethical violation occurred and what the appropriate sanction for that violation should be. I therefore find it appropriate to set forth my reasoning for concluding that a public reprimand is the appropriate sanction in this matter.
{¶ 10} First, I accept the stipulation that Justice Resnick violated Canon 2 when she operated a motor vehicle while under the influence of alcohol. In this connection, I note that “[mjembers of the judiciary have an even greater duty [than do other lawyers] to obey the law, and the breach of that duty has been met with the full measure of our disciplinary authority.” Disciplinary Counsel v. Connor, 105 Ohio St.3d 100, 2004-Ohio-6902, 822 N.E.2d 1235, ¶ 18.
{¶ 11} With respect to the proper sanction, I note that in Disciplinary Counsel v. Connor, the respondent, a common pleas judge, was suspended from the practice of law as a result of a conviction for driving under the influence of alcohol. In that case, however, there were aggravating circumstances, the respondent having had two prior convictions for driving under the influence of alcohol — one fewer than three years previously — and the six-month suspension from the practice of law was itself stayed on conditions. In the case before us, the parties have stipulated that there are no aggravating factors. I am aware that media accounts of Justice Resnick’s arrest for driving under the influence of *163 alcohol included references to statements that she reportedly made to the arresting officer, while still under the influence, that might be construed as an attempt to persuade the officer to release her because of her high judicial office. While such statements could certainly constitute an aggravating circumstance, they are not part of the record before us. Neither in the original complaint in this matter, nor in the formal complaint, nor in the parties’ stipulation of facts is there any allusion to these reported statements. Like any court, we are limited to the facts in evidence before us and cannot properly consider matters that we have heard only from the media.
{¶ 12} The parties have stipulated to the following mitigating factors:
{¶ 13} “a. Respondent’s absence of a prior disciplinary record: No other disciplinary actions, allegations or complaints have been filed against her since her admission to the bar in 1964.
{¶ 14} “b. Respondent’s absence of any dishonest or selfish motive.
{¶ 15} “c. Respondent’s timely and good faith effort to rectify the consequences of her violation. She pled guilty to all charges filed against her, asked for no special treatment, and did not seek temporary driving privileges. She fully and completely served and complied with the conditions of her sentence.
{¶ 16} “d. Respondent’s full cooperation in the disciplinary investigation and proceedings.
{¶ 17} “e. Respondent’s excellent character and fine reputation.
{¶ 18} “f. Respondent has had a distinguished legal career including many years of service on the bench, and has been the recipient of numerous honors for her service to the legal profession.”
{¶ 19} Cynthia Gray, a nationally recognized authority on the subject of judicial discipline, has written about discipline imposed upon judges for driving while intoxicated. Gray, Discipline for Driving While Intoxicated (Winter 2003), 24 JCR 2. In that article, Gray writes, “Although some states privately reprimand a judge for a first-time drunk-driving offense [an option not available under Ohio’s disciplinary scheme], the cases from 2002 are consistent with past decisions from many states holding that a public reprimand or admonition is the appropriate sanction for a first offense but that a harsher sanction, such as censure or suspension, is justified if there are aggravating factors such as multiple incidents or an attempt to avoid arrest by asserting the judicial office.”
{¶ 20} There are no aggravating factors of record in the case before us.
{¶ 21} In view of the facts that Justice Resnick has consented to the disciplinary sanction of a public reprimand, that there are no aggravating factors of record, that there are numerous mitigating factors to which the parties have stipulated, and that a public reprimand appears to be the most severe sanction *164 typically imposed upon a judge who commits a first-time driving-while-intoxicated offense without any aggravating circumstances, I conclude that a public reprimand is the appropriate disciplinary sanction in this case.
Jeffrey R. McQuiston, for relator.
David W. Zoll, for respondent.
{¶ 22} It is unfortunate that a long and distinguished career at the bar and on the bench must suffer the blemish of a public reprimand. Nevertheless, I consider it the duty of this tribunal to issue a public reprimand to the respondent, who, as a justice of the Ohio Supreme Court, is under the highest duty to uphold the law.
Doan, Brogan, Abele and Young, JJ., concur in the foregoing concurring opinion.