DISCIPLINARY COUNSEL *v.* JARABEK.

[Cite as *Disciplinary Counsel v. Jarabek,*
121 Ohio St.3d 257, 2009-Ohio-748.]

(No. 2008–1768—Submitted November 19, 2008—Decided February 25, 2009.)

**Per Curiam.**

{¶ 1} Respondent, Timothy J. Jarabek of Lakewood, Ohio, Attorney Registration No. 0069298, was admitted to the practice of law in Ohio in 1998. On October 3, 2006, we suspended respondent's license to practice for an interim period pursuant to Gov.Bar R. V(5)(A)(4) upon notice that he had been convicted of a felony. 111 Ohio St.3d 1403, 2006-Ohio-5200, 854 N.E.2d 1084.

{¶ 2} The Board of Commissioners on Grievance and Discipline now recommends that we suspend respondent's license for two years, with no credit for time served on his interim suspension and with the second year stayed upon conditions. The board's recommendation is based upon findings that respondent (1) engaged in illegal conduct resulting in a felony conviction, (2) failed to appear at his client's court appearance, and (3) practiced law in violation of a court order and interim suspension. We agree that respondent violated the Code of Professional Responsibility and the Rules of Professional Conduct as found by the board and that a suspension of two years, with the second year stayed on conditions, is appropriate.

{¶ 3} Relator, Disciplinary Counsel, filed a complaint charging respondent with misconduct arising from his conviction under R.C. 2925.11 for the fifth-degree felony of drug possession and his failure to appear at a client's court proceeding while respondent was incarcerated for that offense.[1] Relator subsequently received another grievance against respondent, alleging that respondent, while subject to a court order preventing him from practicing law without prior written permission from the court, prepared and filed a motion and notice of appearance

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility.

and that respondent signed another attorney's name to each document. The parties stipulated that the additional grievance could be heard at the same time as the matters in the complaint.

{¶ 4} A panel of the Board of Commissioners on Grievances and Discipline heard the case and, based on the parties' stipulations and other evidence, made findings of misconduct and a recommendation. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

## Misconduct

{¶ 5} The board found respondent in violation of DR 1–102(A)(6) (prohibiting conduct that adversely reflects on a lawyer's fitness to practice law), by reason of his conviction under R.C. 2925.11, and DR 6–101(A)(3) (prohibiting a lawyer from neglecting a legal matter entrusted to him) for failure to appear at his client's court appearance. Based on the conduct alleged in the additional grievance, the board also found respondent in violation of Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction), 8.4(d) (prohibiting a lawyer from engaging in conduct prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). We agree that respondent committed these violations.

## Sanction

{¶ 6} In determining the appropriate sanction for respondent's misconduct, we must consider relevant factors, including the duties the lawyer violated, the mental state of the lawyer, and sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. We also weigh evidence of the aggravated and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."), as well as any other relevant factors. BCGD Proc.Reg. 10(B).

{¶ 7} As aggravating factors, the board found that respondent has a long history of problems with drugs, alcohol, and mental illness, which began during his teenage years. In addition, the board found that respondent has a history of apparently unsuccessful efforts at rehabilitation.

{¶ 8} In mitigation, the board found evidence of circumstances weighing in favor of lenience. Respondent demonstrated a cooperative attitude at the hearing, and there is no proof that clients were substantially harmed by his conduct. In addition, the respondent has no prior disciplinary record.

{¶ 9} Furthermore, the board found that respondent's chemical dependence or mental disability contributed to cause his misconduct. Respondent has also demonstrated remorse for his conduct and is working diligently to change his life and conquer his addictions and illness. Since March 2008, respondent has volunteered as a law clerk with the Cleveland agency Towards Employment, which assists clients with criminal records, mental health issues, and drug and alcohol problems to be able to reenter the work force. Although he is not gainfully employed, respondent has been working for Towards Employment nearly full-time.

{¶ 10} The board also found that respondent is genuinely committed to remaining sober and controlling his mental health. To that end, he is attending daily AA meetings, refraining from using drugs or alcohol, and complying with the recommended treatments from a clinical psychologist.

{¶ 11} We adopt the board's findings.

{¶ 12} Given these circumstances, we find the board's recommended sanction appropriate. In *Akron Bar Assn. v. Thomas* (1999), 84 Ohio St.3d 395, 704 N.E.2d 562, we suspended a lawyer convicted of possession of cocaine with intent to distribute for two years and stayed the second year because of his demonstrated commitment to drug counseling and rehabilitation. In *Cuyahoga Cty. Bar Assn. v. Lazzaro,* 106 Ohio St.3d 379, 2005-Ohio-5321, 835 N.E.2d 367, disciplinary proceedings were brought against a lawyer convicted of one count of cocaine possession. We suspended the lawyer, who was already subject to a one-year stayed suspension prior to his conviction, for two years, with the second year suspended on conditions, because we were convinced that he genuinely understood how critical his continued sobriety was to his life and hope of returning to the practice of law. Based on respondent's demonstrated commitment to remaining sober and controlling his mental health, a sanction similar to those in *Thomas* and *Lazzaro* is appropriate here.

{¶ 13} Respondent is hereby suspended from the practice of law in Ohio for two years, with no credit given for the time that he has been on interim suspension. The second year of suspension will be stayed provided that respondent (1) sign a contract with the Ohio Lawyers Assistance Program within 60 days of this order and comply with all the terms of that contract with respect to drugs, alcohol, and mental disability; (2) submit to random drug testing; and (3) refrain from working either paid or unpaid as a law clerk or paralegal, except under the direct supervision of an attorney in full compliance with Gov.Bar R. V(8)(G). If respondent fails to comply with the conditions of the stay, the stay will be lifted and respondent will serve the entire suspension of two years.

{¶ 14} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Timothy J. Jarabek, pro se.