DISCIPLINARY COUNSEL *v*. LANDIS.

[Cite as *Disciplinary Counsel v. Landis*,

**124 Ohio St.3d 508, 2010-Ohio-927.**]

*Attorneys at law — Misconduct — Conduct adversely reflecting on lawyer's fitness to practice law — Consent-to-discipline agreement — One-year stayed suspension.*

(No. 2009-2263 — Submitted January 13, 2010 — Decided March 17, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 09-057.

_____

**Per Curiam.**

{¶ 1} Respondent, David Henry Landis of Lebanon, Ohio, Attorney Registration No. 0015021, was admitted to the practice of law in Ohio in 1979. This court suspended respondent's license to practice for failure to register on December 2, 2005, and for failure to comply with continuing legal education requirements on January 1, 2009. Additionally, on June 2, 2009, we imposed an interim felony suspension from the practice of law based upon respondent's conviction for operating a motor vehicle while under the influence of alcohol, a fourth-degree felony.

{¶ 2} Based upon Landis's felony conviction, relator, Disciplinary Counsel, filed a complaint charging respondent with a single violation of Prof.Cond.R. 8.4(h) (prohibiting conduct that adversely reflects on the lawyer's fitness to practice law). A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. See Section 11 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and

Discipline of the Supreme Court ("BCGD Proc.Reg.") The panel accepted the agreement with the exception of a provision that states: "The parties further agree that respondent [should] receive[] credit for the interim felony suspension imposed on June 2, 2009." The board accepted the consent-to-discipline agreement and its stipulations of fact and now recommends that we suspend respondent from the practice of law for one year, stayed upon conditions, with no credit for his interim suspension. We adopt the board's findings of misconduct and the recommended sanction.

**Misconduct**

{¶ 3} The stipulated facts of this case show that in December 2005, respondent voluntarily withdrew from the practice of law for personal and financial reasons. On October 6, 2008, a Warren County grand jury indicted him on two counts of operation of a motor vehicle while under the influence of alcohol or a drug of abuse ("OMVI") in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(h), which are fourth-degree felonies due to his previous conviction for three or more violations of R.C. 4511.19 or an equivalent statute, and one count of driving under suspension in violation of R.C. 4510.11(A), a first-degree misdemeanor.

{¶ 4} Respondent entered a plea of guilty to OMVI in violation of 4511.19(A)(1)(a), and the state dismissed the remaining charges. The trial court sentenced respondent to 60 days of incarceration in the Warren County Jail, imposed a $500 fine and a 20-year driver's license suspension, and required completion of an inpatient program as arranged by the probation department and completion of the Community Corrections Center program.

{¶ 5} In February 2009, respondent voluntarily entered an outpatient program at Talbert House and continued to receive treatment until his sentencing on April 22, 2009. Then, as part of his sentence, he completed a four-month program focusing on the prevention of relapse at the Warren County Correctional

Center.  At the time the parties executed the consent-to-discipline agreement, respondent was participating in an aftercare program at Talbert House and was being monitored through the Warren County Probation Department.  He will remain on community control until April 2012.

{¶ 6}  In the consent-to-discipline agreement, respondent admits that he violated Prof.Cond.R. 8.4(h) by pleading guilty to a fourth-degree felony count of OMVI in violation of R.C. 4511.19(A)(1)(a).

### Sanction

{¶ 7}  The parties stipulated that respondent's absence of a prior disciplinary record and his cooperative attitude and full and free disclosure to the board are mitigating factors.  See BCGD Proc.Reg. 10(B)(2)(a) and (d).  There is no evidence demonstrating the existence of any aggravating factors.  See BCGD Proc.Reg. 10(B)(1).

{¶ 8}  On the board's recommendation, we accept the consent-to-discipline agreement.  For his violation of Prof.Cond.R. 8.4(h), respondent is suspended from the practice of law in Ohio for one year.  The suspension is stayed, however, on the conditions that respondent (1) remain alcohol and drug free, (2) enter into a three-year contract with the Ohio Lawyers Assistance Program and comply with the terms of that contract, (3) attend, at a minimum, a weekly meeting of Alcoholics Anonymous, and (4) comply with any terms of his criminal probation until his probation has been terminated.  If respondent violates the conditions of the stay, the stay will be lifted, and respondent will serve the entire suspension.  Respondent shall receive no credit for the interim felony suspension imposed on June 2, 2009.

{¶ 9}  Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

David H. Landis, pro se.

_____