[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Salters,* Slip Opinion No. 2016-Ohio-1505.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1505

DISCIPLINARY COUNSEL *v.* SALTERS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Salters,* Slip Opinion No. 2016-Ohio-1505.]**

*Attorney misconduct—Engaging in conduct that adversely reflects on the lawyer's fitness to practice law—One-year suspension, stayed on conditions.*

(No. 2015-1000—Submitted July 7, 2015—Decided April 13, 2016.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2014-090.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Gerald Wayne Salters of Westerville, Ohio, Attorney Registration No. 0075470, was admitted to the practice of law in Ohio in 2002. On December 15, 2014, relator, disciplinary counsel, charged Salters with professional misconduct after he was convicted of trespassing, operating a motor vehicle while intoxicated, and child endangering. The facts leading to his conviction follow.

**{¶ 2}** After a day of drinking at a bar, Salters drove to his ex-girlfriend's apartment and got into a physical altercation with her ex-husband. Later that night, after picking up his two-year-old daughter, Salters returned to the bar, leaving his daughter asleep in his vehicle while he went inside to drink alcohol. When bar employees advised Salters that they had found his daughter awake in the car, he brought her into the bar. Salters then drove from the bar to his ex-girlfriend's apartment and forcibly entered the apartment, leaving his daughter in the vehicle. The ex-husband and some other occupants of the apartment hit Salters and forced him out. When the police arrived, Salters failed to advise them that his daughter was in his car. She was subsequently discovered by an officer who heard her crying as he was canvassing the area.

**{¶ 3}** Salters pled guilty to charges of trespassing in a habitation, a fourth-degree felony, operating a motor vehicle while intoxicated, a first-degree misdemeanor, and child endangering, a first-degree misdemeanor. He received a suspended 15-month prison sentence and was placed on community control for three years for the trespassing charge, was ordered to serve a 30-day jail sentence for the drunk-driving charge, and received a suspended five-month jail sentence for the child-endangering charge. Salters was also ordered to pay $5,290 in restitution for the injuries and property damage that he caused as well as $2,500 in fines. Upon notification of his conviction, we suspended his license on an interim basis. *In re Salters*, 139 Ohio St.3d 1212, 2014-Ohio-1619, 10 N.E.3d 725.

**{¶ 4}** A panel of the Board of Professional Conduct considered this cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 5}** In the consent-to-discipline agreement, Salters stipulates to the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

{¶ 6} The parties stipulate that the mitigating factors include the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, Salters's acceptance of responsibility for his actions, his full and free disclosure to the board and his cooperative attitude toward the proceedings, the imposition of other penalties, and his entering into and complying with a recovery contract with the Ohio Lawyers Assistance Program. *See* Gov.Bar R. V(13)(C)(1), (2), (4), (6), and (8). The parties agree that there are no aggravating factors. Based upon Salters's stipulated misconduct and the mitigating factors, the parties stipulate that the appropriate sanction for Salters's misconduct is a one-year suspension from the practice of law, with the entire suspension stayed on the conditions that Salters (1) commit no further misconduct, (2) remain alcohol- and drug-free, (3) maintain compliance with his OLAP contract, and (4) successfully complete his term of probation. The parties further stipulate and recommend that Salters not be given credit for his interim felony suspension.

{¶ 7} The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In support of this recommendation, the parties cited *Disciplinary Counsel v. Landis,* 124 Ohio St.3d 508, 2010-Ohio-927, 924 N.E.2d 361 (stayed one-year suspension imposed on attorney whose conviction for operating a motor vehicle while intoxicated violated Prof.Cond.R. 8.4(h)).

{¶ 8} We agree that Salters violated Prof.Cond.R. 8.4(h) and, as stated in the parties' agreement and as indicated by the cited precedent, that this conduct warrants a one-year suspension, all stayed on conditions. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 9} Accordingly, Gerald Wayne Salters is hereby suspended from the practice of law for a period of one year, with the entire suspension stayed on the conditions that Salters (1) successfully complete the term of probation ordered by the trial court in his criminal case, (2) fully comply with the four-year OLAP

contract entered into on January 8, 2014, (3) remain alcohol- and drug-free, and (4) engage in no further misconduct. If Salters violates the conditions of the stay, the stay will be lifted, and Salters will serve the entire one-year suspension. Salters shall receive no credit for the interim felony suspension imposed on April 18, 2014.

{¶ 10} Costs are taxed to Salters.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.

Gerald W. Salters, pro se.

_____