**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Mitchell,* **Slip Opinion No. 2019-Ohio-5218.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5218

DISCIPLINARY COUNSEL *v.* MITCHELL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Mitchell,* Slip Opinion No. 2019-Ohio-5218.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2019-0808—Submitted August 6, 2019—Decided December 19, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-048.

_____

**Per Curiam.**

{¶ 1} Respondent, Christopher Paul Mitchell, of Washington, D.C., Attorney Registration No. 0077327, was admitted to the practice of law in Ohio in 2004. He is also licensed to practice law in the District of Columbia and before the United States Patent and Trademark Office ("USPTO"). On May 15, 2018, we suspended Mitchell's license on an interim basis following his felony conviction

for leaving the scene of an accident involving injury or death. *In re Mitchell*, 152 Ohio St.3d 1472, 2018-Ohio-1897, 97 N.E.3d 507.

{¶ 2} In a complaint filed with the Board of Professional Conduct on September 27, 2018, relator, disciplinary counsel, alleged that Mitchell committed an illegal act that reflects adversely on his honesty, trustworthiness, and fitness to practice law by driving while intoxicated and leaving the scene of an accident involving injury. The parties entered into stipulations of fact, misconduct, and aggravating and mitigating factors and agreed that the appropriate sanction for Mitchell's misconduct is a one-year suspension, fully stayed on conditions. Based on those stipulations and Mitchell's testimony and other evidence presented at a hearing before a panel of the board, the board found that Mitchell committed the charged misconduct and recommends that we suspend him from the practice of law for one year, with the suspension fully stayed on conditions.

{¶ 3} We accept the board's findings of misconduct and recommended sanction.

**Misconduct**

{¶ 4} At approximately 2:20 a.m. on April 29, 2017, Mitchell was involved in a two-car crash in Fredericksburg, Virginia. He failed to yield the right-of-way and collided with another car causing extensive damage to both vehicles. The driver and passenger in the other vehicle were transported to the hospital, where they were treated for minor injuries. Although Mitchell's car was significantly damaged and his airbags had deployed, Mitchell left the scene of the crash. The police apprehended him a short time later, and he cooperated with their investigation. Mitchell admitted that he had consumed six beers that evening, and he expressed concern about the occupants of the other vehicle. A breathalyzer test showed that his blood-alcohol content was 0.12.

{¶ 5} Following his arrest, Mitchell voluntarily contacted the District of Columbia Lawyers Assistance Program, which recommended that he contact the

Family Counseling Center for Recovery ("FCCR"), a treatment facility near his home. FCCR assessed Mitchell and recommended that he participate in an intensive outpatient program consisting of 24 sessions, which he successfully completed. Mitchell voluntarily wore a SCRAM (secure continuous remote alcohol monitoring) bracelet on his ankle from May 8, 2017, to February 8, 2018, during which the device detected no alcohol in his system. He also sought out an Alcoholics Anonymous ("AA") sponsor, who recommended that he attend 90 meetings in 90 days. Mitchell testified that he attended at least one meeting a day for his first year in the program.

{¶ 6} Mitchell was charged in Virginia with leaving the scene of an accident involving injury or death, a fifth-degree felony, and driving while intoxicated, a first-degree misdemeanor. On February 8, 2018, he pleaded guilty to both charges. The trial court sentenced him to three years in prison for the felony and 60 days in jail for the misdemeanor but suspended both terms and placed him on supervised probation for five years. The court also ordered him to successfully complete the Virginia Alcohol Safety Action Program, pay a fine and court costs, comply with all terms of his probation, and remain on good behavior.

{¶ 7} Mitchell admitted that his conduct violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on his honesty and trustworthiness) and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The board agreed, finding that Mitchell's misconduct violated Prof.Cond.R. 8.4(b) and was sufficiently egregious to warrant a separate finding of a Prof.Cond.R. 8.4(h) violation. *See Disciplinary Counsel v. Bricker*, 137 Ohio St.3d 35, 2013-Ohio-3998, 997 N.E.2d 500, ¶ 21.

{¶ 8} We accept these findings of misconduct.

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 10} The board found that just one aggravating factor is present—Mitchell acted with a selfish or dishonest motive when he left the scene of the accident he had caused while he was under the influence of alcohol. *See* Gov.Bar R. V(13)(B)(2).

{¶ 11} In mitigation, the board found that Mitchell has no prior disciplinary record and had made full and free disclosure to the board and demonstrated a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(1) and (4). Mitchell has accepted responsibility for his conduct and self-reported his criminal convictions to the Ohio, District of Columbia, and USPTO disciplinary authorities. The board also found that other sanctions have been imposed for Mitchell's conduct—namely, his criminal sentence and a six-month USPTO suspension—and he has submitted letters attesting to his good character. *See* Gov.Bar R. V(13)(C)(6). Finally, the board found that Mitchell had established his alcoholism as a qualifying disorder by submitting proof of his diagnosis by a qualified chemical-dependency professional, a determination that the disorder contributed to cause the misconduct, his successful completion of an approved treatment program, and a prognosis from a qualified healthcare professional that he is able to return to the competent, ethical, and professional practice of law. *See* Gov.Bar R. V(13)(C)(7). Mitchell acknowledges that he is an alcoholic and has worked diligently to confront his addiction. At the time of his disciplinary hearing, he had been sober since April 30, 2017, was participating in weekly continuing-care sessions in conjunction with AA, and was in compliance with his court-ordered probation. The board concluded that Mitchell has taken control of his addiction,

was candid and remorseful, and had made full restitution to the victims of his conduct.

{¶ 12} In accord with the parties' agreement, the board recommends that Mitchell be suspended from the practice of law for one year, fully stayed on conditions. The board notes that we imposed that sanction for comparable misconduct in *Disciplinary Counsel v. Salters*, 146 Ohio St.3d 1, 2016-Ohio-1505, 50 N.E.3d 546 (imposing a conditionally stayed one-year suspension on an attorney who entered into a contract with the Ohio Lawyers Assistance Program after being convicted of trespassing, child endangerment, and operating a motor vehicle while intoxicated ("OMVI") with his two-year-old daughter in the vehicle), and *Disciplinary Counsel v. Landis*, 124 Ohio St.3d 508, 2010-Ohio-927, 924 N.E.2d 361 (imposing a conditionally stayed one-year suspension on an attorney who had been convicted of a felony charge of OMVI and who had voluntarily entered into an outpatient treatment program prior to his sentencing). In each of those cases, the conditions of the stay required the attorney to successfully complete his criminal probation, remain alcohol- and drug-free, and comply with his contract with the Ohio Lawyers Assistance Program.

{¶ 13} Having reviewed the record and our precedent, we agree that a one-year suspension, stayed in full on the conditions recommended by the board, is the appropriate sanction for Mitchell's misconduct, in that it will protect the public from further harm and encourage and support Mitchell's substance-abuse recovery. *See, e.g.*, *Disciplinary Counsel v. Michaels*, 38 Ohio St.3d 248, 251, 527 N.E.2d 299 (1988) (recognizing that "the disciplinary process of this court can and should be viewed as a potential for recovery as well as a procedure for the imposition of sanctions").

{¶ 14} Accordingly, Christopher Paul Mitchell is hereby suspended from the practice of law for one year, with the suspension stayed in its entirety on the conditions that he successfully complete the five-year term of probation imposed

in his criminal case, continue to actively participate in his substance-abuse recovery and treatment as recommended by a qualified chemical-dependency professional, remain drug- and alcohol-free, and commit no further misconduct. If Mitchell fails to comply with a condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Mitchell.

Judgment accordingly.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Joseph M. Caligiuri, Disciplinary Counsel, and Michelle R. Bowman, Assistant Disciplinary Counsel, for relator.

Christopher Paul Mitchell, pro se.

_____