**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Alexander*, **Slip Opinion No. 2024-Ohio-900.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-900

DISCIPLINARY COUNSEL *v.* ALEXANDER.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Alexander*, Slip Opinion No. 2024-Ohio-900.]**

*Attorneys—Misconduct—Violation of the Rules of Professional Conduct—Committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness—Conditionally stayed one-year suspension.*

(No. 2023-0977—Submitted August 22, 2023—Decided March 14, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct
of the Supreme Court, No. 2023-003.

_____

**Per Curiam.**

{¶ 1} Respondent, Christopher Mark Alexander, of Mason, Ohio, Attorney Registration No. 0073543, was admitted to the practice of law in Ohio in 2001.

{¶ 2} In February 2021, we publicly reprimanded Alexander for neglecting a single client matter, failing to reasonably communicate with the client, and failing

to deposit the client's advanced fee into his client trust account. *Warren Cty. Bar Assn. v. Alexander*, 161 Ohio St.3d 1441, 2021-Ohio-375, 162 N.E.3d 827.

{¶ 3} On January 5, 2023, we suspended Alexander from the practice of law on an interim basis following his conviction on a third-degree felony count of failure to comply with an order or signal of a police officer. *In re Alexander*, 171 Ohio St.3d 1213, 2023-Ohio-11, 217 N.E.3d 819. The conviction arose from an incident in which, after an evening of drinking with friends, Alexander fled the scene of a traffic stop and led a police officer on a car chase that reached speeds over 100 miles per hour.

{¶ 4} In a March 2023 complaint, relator, disciplinary counsel, charged Alexander with a single violation of Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) arising from his felony conviction.

{¶ 5} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors. They also submitted 18 stipulated exhibits. A three-member panel of the Board of Professional Conduct conducted a hearing at which it heard Alexander's testimony. The panel issued a report finding that Alexander committed the charged misconduct and recommending that he be suspended from the practice of law for one year, fully stayed on the conditions that he comply with the terms of his court-ordered community control, successfully complete a substance-abuse-treatment program, comply with the contract he entered into with the Ohio Lawyers Assistance Program ("OLAP"), and commit no further misconduct. The board adopted the panel's findings of fact and misconduct and recommended sanction. No objections have been filed.

{¶ 6} After a thorough review of the record, we adopt the board's findings of misconduct and recommended sanction.

## FINDINGS OF FACT AND MISCONDUCT

{¶ 7} Shortly after midnight on February 12, 2022, a police officer observed Alexander's vehicle make a U-turn at State Route 73 and Sharts Road in Springboro, Ohio. The vehicle continued onto the northbound ramp of Interstate 75 as the officer tried to catch up to it. While observing Alexander's vehicle cross over four lanes of traffic to the left outermost lane, the officer activated his cruiser's emergency lights. After activating his right turn signal, Alexander crossed back over all four lanes of the highway and stopped his vehicle on the berm.

{¶ 8} The officer reported the license-plate number to the dispatcher before exiting his patrol car. As he approached Alexander's vehicle, Alexander abruptly peeled out from the berm and accelerated onto the highway, fleeing the traffic stop. The officer returned to his vehicle and within seconds began a high-speed pursuit that reached speeds over 100 miles per hour on the interstate. After approximately two and one-half miles, Alexander's vehicle left the road and struck a ditch as it exited the interstate, causing minor damage. Alexander continued to flee from the officer on Austin Boulevard and ran a red light. Although the officer drove at speeds exceeding 80 miles per hour in a 45-mile-per-hour zone, he could not close the gap between his vehicle and Alexander's. After chasing Alexander for approximately six minutes, the officer terminated the pursuit in the interest of safety.

{¶ 9} The Springboro Police Department's investigation showed that a few days after the high-speed chase, Alexander took his damaged vehicle for repairs at a local body shop and rented a car to drive in the interim.

{¶ 10} On May 2, 2022, the Warren County Grand Jury issued a two-count indictment, charging Alexander with third-degree felony counts of failure to comply with an order or signal of a police officer and tampering with evidence. A few weeks later, Alexander entered into a chemical-dependency contract with OLAP. As part of that contract, he completed a substance-use-disorder assessment

with Global Initiative for Therapeutic Services ("GIFTS"). Alexander was diagnosed with a moderate alcohol-use disorder and alcohol dependence. As a result of those diagnoses, he commenced individual therapy and outpatient services.

{¶ 11} During his December 2022 bench trial in the Warren County Common Pleas Court, Alexander stipulated that he was the driver of the vehicle the morning of the police pursuit. Alexander did not dispute that he violated the law when he fled the traffic stop, but he argued that the offense did not constitute a felony and he disputed the allegation that he had tampered with evidence. The trial court found him guilty of a third-degree felony count of failure to comply with an order or signal of a police officer and acquitted him of the tampering-with-evidence charge. During the presentence investigation, Alexander admitted that he had been drinking before the pursuit and that he probably had been impaired. The court sentenced Alexander to three years of community control and suspended his driver's license for three years. In addition, the court ordered him to successfully complete the standard outpatient program at GIFTS and to comply with his OLAP contract.

{¶ 12} In Alexander's disciplinary case, the parties stipulated and the board found that Alexander's illegal conduct reflects adversely on his honesty or trustworthiness in violation of Prof.Cond.R. 8.4(b). We adopt the board's finding of misconduct.

## SANCTION

{¶ 13} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the attorney violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 14} As aggravating factors, the parties stipulated and the board found that Alexander has previously been disciplined and that he acted with a dishonest or selfish motive. *See* Gov.Bar R. V(13)(B)(1) and (2). In addition, the parties

stipulated and the board found that four mitigating factors are present. Alexander made full and free disclosure to the board and exhibited a cooperative attitude toward the disciplinary proceedings. *See* Gov.Bar R. V(13)(C)(4). He presented evidence of his good character and reputation and had other sanctions imposed for his misconduct. *See* Gov.Bar R. V(13)(C)(5) and (6). And based on a letter submitted by his licensed independent chemical-dependency counselor, the board found that Alexander had been diagnosed with a substance-use disorder that contributed to cause his misconduct, that he had completed an approved treatment program, and that by the time of his disciplinary hearing, he was capable of resuming the competent, ethical, and professional practice of law. *See* Gov.Bar R. V(13)(C)(7)(a) through (d).

{¶ 15} During his June 2023 disciplinary hearing, Alexander testified that he had been sober since he first contacted OLAP in March 2022. He entered into a two-year OLAP contract in May 2022. At the time of his disciplinary hearing, he was in compliance with that contract, participating in individual therapy and outpatient services with GIFTS, attending "three AA styled meetings each week," and checking in with OLAP twice a week.

{¶ 16} The board found Alexander's testimony to be nondefensive, forthcoming, and candid. It also found that he had shown great insight into his conduct and accepted full responsibility for his reckless behavior.

{¶ 17} In addition, the board credited Alexander for taking affirmative steps to protect his clients' interests in advance of his interim felony suspension. Alexander testified that by June 2022, it was clear that he was going to be suspended from the practice of law. He therefore began to decline new cases and embarked on a three-step process to ameliorate the impact his suspension would have on his clients.

{¶ 18} First, Alexander spoke directly with each of his clients and let them know that he was not going to be practicing law for a while. He also sent letters to

seven or eight lawyers who did work similar to his to inform them that he was going to be suspended and that he intended to refer clients to them. In addition, Alexander sent a letter to the judges before whom he practiced, informing them that he would be temporarily closing his law practice the following month to address relator's disciplinary investigation and that he would be filing motions to withdraw as counsel in each of his open cases. Finally, Alexander sent a detailed letter to each of his clients updating them on the status of their cases, informing them that his practice would close in one month, and identifying four to six other attorneys who might be able to represent them going forward.

{¶ 19} The board commended Alexander's efforts to advise and support his clients prior to his conviction and interim suspension and noted that there was no evidence that his misconduct or the events that followed caused extraordinary inconvenience, impact, or detriment to any of his clients.

{¶ 20} When a substance-use disorder contributes to an attorney's misconduct and the attorney is committed to recovery and no longer poses a threat to the public or the judicial system, this court often tailors the sanction to assist and monitor the attorney's recovery. *See*, *e.g.*, *Disciplinary Counsel v. Hoppel*, 129 Ohio St.3d 53, 2011-Ohio-2672, 950 N.E.2d 171, ¶ 21, citing *Disciplinary Counsel v. Connor*, 105 Ohio St.3d 100, 2004-Ohio-6902, 822 N.E.2d 1235, ¶ 19. Consistent with those goals, relator has recommended that Alexander be suspended from the practice of law for one year, fully stayed on the conditions that he comply with the terms of the community-control sanction imposed in his criminal case; successfully complete a substance-abuse-treatment program, including aftercare; comply with all other requirements of his OLAP contract; and commit no further misconduct.

{¶ 21} In support of that sanction, relator has advanced several cases in which this court imposed a one-year suspension stayed on similar conditions on attorneys who engaged in misconduct by engaging in similar illegal acts. *See, e.g.*,

*Cleveland Metro. Bar Assn. v. Strauss*, 165 Ohio St.3d 45, 2021-Ohio-1263, 175 N.E.3d 516 (attorney convicted of multiple criminal offenses after he rear-ended a police cruiser that was parked on the side of the road, continued driving until he crashed into the median, and then fled on foot and disobeyed police orders, all while under the influence of alcohol); *Disciplinary Counsel v. Salters*, 146 Ohio St.3d 1, 2016-Ohio-1505, 50 N.E.3d 546 (attorney convicted of child endangerment and operating a motor vehicle while intoxicated after he drove while under the influence of alcohol with his two-year-old child in the car); *Disciplinary Counsel v. Landis*, 124 Ohio St.3d 508, 2010-Ohio-927, 924 N.E.2d 361 (attorney convicted of a repeat offense of operating a motor vehicle under the influence of alcohol).

{¶ 22} The board found a fourth case cited by relator, *Disciplinary Counsel v. Mitchell*, 158 Ohio St.3d 356, 2019-Ohio-5218, 142 N.E.3d 669, to be most instructive. Mitchell was involved in a two-car crash after he failed to yield the right-of-way to another car. *Id*. at ¶ 4. Although the crash caused extensive damage to both vehicles and minor injuries to the occupants of the other vehicle, Mitchell left the scene. *Id*. He was apprehended by police a short time later and admitted that he had consumed six beers that evening; a breathalyzer test confirmed that his blood-alcohol content was elevated. *Id*.

{¶ 23} Following his arrest, Mitchell contacted the District of Columbia Lawyers Assistance Program, sought a substance-abuse assessment, and successfully completed an intensive outpatient treatment program. *Id*. at ¶ 5. He voluntarily wore an alcohol-monitoring device for nine months and participated in the Alcoholics Anonymous program. *Id*. Mitchell pleaded guilty to a fifth-degree felony count of leaving the scene of an accident involving injury or death and a first-degree misdemeanor count of driving while intoxicated. *Id*. at ¶ 6. He was sentenced to suspended prison and jail terms for his offenses and placed on monitored probation for five years. *Id.*

**{¶ 24}** Like Alexander, Mitchell acted with a selfish or dishonest motive. *Id*. at ¶ 10. In addition to the four mitigating factors that are present in this case, which include a qualifying substance-use disorder, Mitchell had a clean disciplinary record. *Id*. at ¶ 11. After considering the sanctions we imposed in several cases, including *Salters* and *Landis*, we adopted the recommendation of the parties and the board and imposed a one-year suspension on Mitchell, stayed in its entirety on the conditions that he complete his criminal probation, continue to actively participate in recommended substance-abuse recovery and treatment, remain drug- and alcohol- free, and commit no further misconduct. *Mitchell* at ¶ 12, 14.

**{¶ 25}** Based on the facts of this case and the sanctions imposed by this court in *Strauss*, *Salters*, *Landis*, and *Mitchell*, the board recommends that Alexander be suspended for one year, with the suspension stayed in its entirety on the conditions that he commit no further misconduct and comply with the terms of his court-ordered community control, his existing OLAP contract, and his substance-abuse-treatment program, including aftercare.

**{¶ 26}** Having thoroughly reviewed the record and our precedent, we adopt the board's recommended sanction and conclude that a fully stayed suspension will adequately protect the public and offer additional incentives for Alexander to remain in compliance with his community control, OLAP contract, and substance-abuse-treatment program.

## CONCLUSION

**{¶ 27}** Accordingly, Christopher Mark Alexander's interim felony suspension imposed on January 5, 2023, is dismissed; he is eligible to apply for reinstatement to the practice of law in this case by following the procedures set forth in Gov.Bar R. V(24). In addition to the general requirements of Gov.Bar R. V(24)(B), he shall submit proof that he is in full compliance with his OLAP contract and, if he seeks reinstatement prior to completing the community-control sanction

imposed in Warren C.P. No. 22CR39252, he shall comply with the requirements of Gov.Bar R. V(24)(D). Upon Alexander's reinstatement and registration for active status pursuant to Gov.Bar R. VI(2) and (4), he shall serve a one-year suspension, which shall be stayed in its entirety on the conditions that he commit no further misconduct and remain in compliance with the terms of his (1) court-ordered community control, (2) substance-abuse-treatment program, including aftercare, and (3) existing OLAP contract. If Alexander fails to comply with a condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Alexander.

Judgment accordingly.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

BRUNNER, J., not participating.

————————————

Joseph M. Caligiuri, Disciplinary Counsel, for relator.

Christopher Mark Alexander, pro se.

————————————